On Rehearing
This is an appeal from a final judgment rendered upon a demurrer to an amended declaration by the Circuit Court of the Eleventh Judicial Circuit, which amended declaration was filed by the appellants Charles Bromer, Ben Levin and Shirley Levin, a co-partnership formerly trading and doing business as Chief Frozen Products, against the appellee Florida Power Light Company. The lower court concluded that the appellants' amended declaration for breach of contract failed to state a cause of action, sustained the appellee's demurrer thereto, and rendered final judgment thereon. The appellants did not allege an express contract to furnish any particular amount of electrical current continuously. Apparently they contend that an implied contract imposing that duty should be held to exist between the parties because the appellee ascertained by inspection and tests the exact amount of electrical energy needed by the customer at the premises in order to operate appellants' cooling plant, or cold-storage plant, and after such ascertainment the appellee connected the current and began supplying it.
The first question in this case is not whether a contract for electric supply may be implied for, unquestionably, it may, but it is, on the other hand, a question of the scope and effect which should be given to such alleged implied contract. By this we mean whether the allegations of the amended declaration necessarily or in any event give rise to an implied contract to furnish 220 volts of electrical current continuously and in any and all events. This interrogatory begets the further query whether the appellants should be required to allege and show negligence on the part of the appellee, or whether the appellee should have the burden of pleading and establishing that it was not negligent but failed to furnish a continuous 220 voltage *Page 660 
current by reason of some unanticipated event or an act of God.
A consideration of the former question necessarily involves a study of the obligations, duties and responsibilities of the appellee to each and to all of its other customers, for it might not be reasonable or practicable for it to discharge its alleged continuing duty to supply not less than 220 volts to the appellants without being guilty of discrimination. However, it would seem that the appellee should be held duty bound to furnish the amount of electricity which it has known from the beginning of negotiations would be needed by the appellants "if, by reasonable and practicable diligence and care under all the existing circumstances and conditions, it can do so without discrimination against other customers. Public service corporations cannot give to particular customers special favors to the detriment of others. They must treat all customers alike." Humphreys v. Central Kentucky Natural Gas Co., 190 Ky. 733, 229 S.W. 117, 120, 21 A.L.R. 664. In other words, if any implication is to be drawn from the relationship of the parties as alleged in the amended declaration it is an implied obligation to exercise reasonable care rather than one to furnish 220 volts of current continuously and in any and all events. Guardian Trust Deposit Co. v. Fisher, 1906, 200 U.S. 57, 26 S.Ct. 186, 50 L.Ed. 367; Watson v. Inhabitants of Needham, 1894, 161 Mass. 404, 37 N.E. 204, 24 L.R.A. 287; City of Huntingburg v. Morgen, 1928,90 Ind. App. 573, 162 N.E. 255, 163 N.E. 599.
It is our view that a greater burden should be placed upon a plaintiff who relies upon an implied contract than one who uses reasonable care and foresight in protecting himself by means of an express contract. To hold otherwise would be to encourage loose dealings and place a premium upon carelessness. This Court should determine and give to the alleged implied contract "the effect which the parties, as fair and reasonable men, presumably would have agreed upon if, having in mind the possibility of the situation which has arisen, they had contracted expressly in reference thereto." 12 Am.Jur. 766.
Can it be said under the circumstances alleged in the amended declaration and upon a consideration of the duties and responsibilities which the appellee owes to its other customers that we should presume it would have entered into an express contract (if, indeed, it lawfully could have done so — a point which we do not decide, but see Woodbury v. Tampa Waterworks Co., 1909, 57 Fla. 243-249, 49 So. 556, 21 L.R.A., N.S., 1034; Demeter Land Co. v. Florida Public Service Co., 1930, 99 Fla. 954,128 So. 402; Chicago Alton Railroad Co. v. Kirby, 1911, 225 U.S. 155, 32 S.Ct. 648, 56 L.Ed. 1033, Ann.Cas. 1914 A, 501; Railway Exchange Building, Incorporated, v. Light Development Company, 1937, 341 Mo. 334, 107 S.W.2d 59, 21 P.U.R.,N.S., 104) which would have required it to furnish to the appellants an electrical current of 220 volts continuously and in any and all events? We think not.
We cannot agree that the implication contended for by the appellants should be considered as one of the terms of the contract "because * * * [it is] necessarily involved in the contractual relationship so that the parties must have intended * * * [it] and * * * only failed to express * * * [it] because * * * [it is] too obvious to need expression." 12 Am.Jur. 766.
No public utility corporation should be required to become an insurer by virtue of anything less than an express contract on its part to assume such responsibility and obligation. Certainly this is true unless such corporation is, at least, given an opportunity to refuse to enter into such a contract or to fix a higher rate for its service in the nature of a premium and/or compensation to it for the untold and otherwise uncompensated expenditures [such as the cost of establishing and maintaining an emergency or "booster" plant or system] which would be entailed were it to enter into a definite contract requiring such unusual responsibility and assumption of risk. *Page 661 
To presume that the appellee would have entered into such an express contract or that it impliedly did assume such risk is a "postulate so egregiously erroneous" as to tax the credulity of the most naive of modern business men.
We are not unappreciative of the fact that our conclusion places a real burden upon the appellants, but initially they had it within their power to have avoided such burden by demanding an express or written contract which might or might not have contained the obligation which they now contend should be implied. A greater burden should rest upon one who relies upon an implied contract under circumstances similar to those of this case than upon one who used that ordinary judgment and care which a prudent business man should have exercised.
We hold, in a suit of this type against a utility company for damages resulting from an alleged breach of an implied contract, the obligation or duty of the utility company under such implied contract is to use reasonable care and that the burden is upon the plaintiff to plead and prove negligence on the part of the defendant.
The judgment is affirmed.
TERRELL, THOMAS and SEBRING, JJ., concur.
ADAMS, C.J., CHAPMAN, J., and BARNS, A.J., dissent.