MORENKEN BUILDING CORPORATION, Plaintiff, *v.* LONG ISLAND WATER COMPANY, Defendant.

City Court of New York, Queens County, September 21, 1930.

*Louis Kays*, for the plaintiff.

*E. B. Naylon*, for the defendant.

RUSSELL, J. Motion to dismiss complaint. The complaint alleges an exclusive right in defendant to lay water mains in certain

sections of Queens borough; that on September 13, 1928, defendant filed a plan in the department of water supply, borough of Queens, of a proposed main in Mott avenue, which was duly approved, but that no main has since been laid; that defendant accepted a fee as a deposit for furnishing water in said avenue and gave its receipt therefor to an agent of plaintiff. An inspection of the same reveals it is practically a receipt of deposit and bears this wording in part: " It is understood that as soon as a main is laid in Mott avenue from Cornaga avenue to Greenwood avenue a transfer will be made at expense of owner." The complaint then alleges it proceeded to erect a building in the aforenamed block and discovered no main had been laid by defendant, and plaintiff was thereby compelled to pay for labor and materials and itself construct a connecting main, with ensuing damage, also for damage in delay in rental of building for such reason. Apparently plaintiff is suing upon the principle of the rule in *Lawrence* v. *Fox* (20 N. Y. 268) upon an alleged contract by defendant with the city of New York, by virtue of which he became a beneficiary and as such might sue for damages upon a showing of breach. In this I believe plaintiff is in error. It is impossible to conclude that the franchise granted defendant constituted such a contract as contemplated any intent to compensate an individual member of the public in event of a default, nor does the complaint allege such breach of duty. This action is not one within the class of cases where the contract fixed rates with a municipality and an individual was allowed to sue as a beneficiary, as in *Pond* v. *New Rochelle Water Co.* (183 N. Y. 330), or *Matter of International Railway Co.* v. *Rann* (224 id. 83), owing to the absence in the instant case of the inference of any intention to compensate the individual members of the public in event of default, either expressed or implied. The decision in *German Alliance Insurance Co.* v. *Home Water Supply Co.* (226 U. S. 220, 229) was one in which, as here, plaintiff sued for breach of contract of construction and in course of its decision the learned court said: " It appears that the majority of American courts hold that the taxpayer has no direct interest in such agreements [as the franchise in question], and, therefore, cannot sue *ex contractu.* Neither can he sue in tort, because, in the absence of a contract obligation to him, the water company owes him no duty for the breach of which he can maintain an action *ex delicto.*" This doctrine is cited with approval in *Moch Co.* v. *Rensselaer Water Co.* (247 N. Y. 160, at pp. 165 and 168). Indeed, the instructive opinion of Chief Judge CARDOZO of the Court of Appeals in the *Moch* case appears conclusively to deny the right of action set up by plaintiff in the instant case. In its brief on this motion plaintiff's counsel cites

this decision as an authority in his favor and quotes language therefrom that I am unable to find anywhere in the opinion rendered. I cannot believe it was his intent to willfully lead this court astray and prefer to accept the thought that said counsel was misled into quoting from the opinion in the same case at Special Term (127 Misc. 545), which was reversed by the Appellate Division (219 App. Div. 673), which reversal was affirmed by the Court of Appeals. Counsel for plaintiff also relies strongly upon the decision in *Matter of Baker* v. *New York Interurban Water Co.* (113 Misc. 459), citing at length in his memorandum therefrom. The facts in that case differed from those in the instant action, and it was one in which a mandamus order was granted a private consumer; no count for breach of contract was contained therein. It may be that plaintiff's position might have been stronger had he sought remedy by such mandamus proceeding, but that is a matter extrinsic to the question here involved.

I hold the complaint fails to set forth a cause of action, and as it appears an opportunity to replead would be of no avail, the motion to dismiss complaint is granted, with costs and ten dollars costs of motion.