LIGHTBORO REALTY CORPORATION, Respondent, *v.* CITY OF NEW YORK, Appellant.

Supreme Court, Appellate Term, First Department, June 28, 1948.

948

*John P. McGrath*, Corporation Counsel (*David M. Fuchs* and *Seymour B. Quel* of counsel), for appellant.

*Harry J. Halperin, Samuel L. Scholer* and *Edward M. Miller* for respondent.

*Per Curiam.* The violation of statutory duty of the city to furnish water (L. 1833, ch. 36; *Brush* v. *Commissioner*, 300 U. S. 352, 360–361) due to failure of a minor employee to open two water gates shut because of a temporary water difficulty, constitutes negligence. Such claim, if any, that a landlord-owner has due to water shortage of tenants and the employment of plumbers, engineers, experts and workmen to examine and inspect plumbing installations in a multiple dwelling and the finding that same were in good order and not responsible for such shortage, which the city employees found and remedied by opening the closed water gates, sounds in negligence (*Guardian Trust Co.* v. *Fisher*, 200 U. S. 57; *Moch Co.* v. *Rensselaer Water Co.*, 247 N. Y. 160; *Steitz* v. *City of Beacon*, 295 N. Y. 51; *Oakes Mfg. Co.* v. *City of New York*, 206 N. Y. 221; *Canavan* v. *City of Mechanicville*, 229 N. Y. 473). The notice of claim here was not " sworn to " as required by statute for the maintenance of an action in negligence and is insufficient in law.

The judgment should be reversed, with $30 costs and complaint dismissed on the merits, with costs.

HAMMER, HOFSTADTER and HECHT, JJ., concur.

Judgment reversed, etc.