■ GREAT SOUTHWEST FIRE INSURANCE COMPANY et al., Appellants, v. NEW YORK WATER SERVICE DIVISION OF UTILITIES INDUSTRIES CORP., Respondent.— Order of the Supreme Court, Nassau County, entered March 8, 1972, affirmed, with $20 costs and disbursements (*Moch Co.* v. *Rensselaer Water Co.*, 247 N. Y. 160). Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ CHARLOTTE HORN, Formerly Known as CHARLOTTE PERLA, et al., Respondents, v. ALFRED L. PERLA, Appellant.— Appeal by defendant from an order of the Supreme Court, Queens County, dated October 10, 1972, which denied his motion to dismiss the complaint on the ground of lack of jurisdiction of his person. Order reversed, with $20 costs and disbursements, and motion remanded to Special Term for further proceedings not inconsistent herewith. A hearing should be held so that it can be determined whether the process server exercised due diligence in attempting to effectuate personal service of the summons and complaint upon defendant under CPLR 308 (subds. 1, 2) (*Casey* v. *Wernikoff*, 29 A D 2d 685). Hopkins, Acting P. J., Latham, Gulotta, Christ and Brennan, JJ., concur.

■ In the Matter of LEONARD BERGSTEIN et al., Appellants, v. BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 1 OF THE TOWNS OF OSSINING, NEW CASTLE AND YORKTOWN, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review respondent's determination dated August 16, 1971, which denied petitioner Leonard Bergstein tenure and terminated his employment with respondent as a teacher, the appeal is from a judgment of the Supreme Court, Westchester County, dated July 7, 1972, which dismissed the petition after a hearing. Judgment reversed, on the law, with costs, and proceeding remanded to Special Term for a new hearing and determination. Petitioner Leonard Bergstein, a social studies teacher, alleged *inter alia* that he had been denied tenure and that his employment was terminated because of his exercise of his First Amendment rights. We are of the opinion that Special Term, in holding that the members of the Board of Education who voted against tenure for petitioner were not motivated by a desire to retaliate against him on account of his political or religious beliefs or his extracurricular activities, relied upon hearsay statements by some of the board members as to the reason they voted against tenure. Accordingly, a new hearing should be held by Special Term, at which the respondent board shall have an opportunity to produce legal and competent evidence to establish that tenure was not denied for impermissible reasons (see *Board of Regents* v. *Roth*, 408 U. S. 564; *Matter of Tischler* v. *Board of Educ. of Monroe Woodbury Cent. School Dist. No. 1*, 37 A D 2d 261). Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.