Ace Am. Ins. Co. v Consolidated Edison Co. of N.Y., Inc. (2024 NY Slip Op 04800)

Ace Am. Ins. Co. v Consolidated Edison Co. of N.Y., Inc.

2024 NY Slip Op 04800

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Manzanet-Daniels, J.P., Friedman, González, Pitt-Burke, JJ. 

Index No. 153899/16, 595491/17 Appeal No. 2706 Case No. 2023-03284 

[*1]Ace American Insurance Company, et al., Plaintiffs,
v
Consolidated Edison Company of New York, Inc., Defendant-Respondent, H & L Electric, Inc., et al., Defendants.
Consolidated Edison Company of New York, Inc., Third-Party Plaintiff-Respondent,
v
Robert Director Associates, et al., Third-Party Defendants, Integral Contracting, Inc., et al., Third-Party Defendants-Appellants.

Morris Duffy Alonso Faley & Pitcoff, New York (Robert S. Whitbeck of counsel), for Integral Contracting, Inc., appellant.
Fabiani Cohen & Hall, LLP, New York (Nicole Galletta of counsel), for PSI Plumbing, Inc., appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about May 16, 2023, which denied the motions of third-party defendants Integral Contracting Inc. (Integral) and PSI Plumbing, Inc. (PSI) for summary judgment dismissing the third-party complaint and all cross-claims, unanimously reversed, on the law, with costs and the motions granted. The Clerk is directed to enter judgment accordingly.
Defendant third-party plaintiff Consolidated Edison Company of New York (Con Ed) is not a party to, nor a third-party beneficiary of, Integral's contract with defendant DiamondRock NY Lex Tenant LLC or Integral's subcontract with PSI (see Moch Co. v Rensselaer Water Co., 247 NY 160 [1928]; Eaves Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220, 226 [1990]). There is no credible evidence in the record that either Integral or PSI launched an instrument of harm where the fire occurred due to a leak from a Con Ed conduit inside one of the building's electrical boxes (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). Allegations that the plumbing work of PSI might have resulted in a leak that could have contributed to the fire is speculation. The building's representative testified that the scope of work in Integral's contract did not encompass waterproofing generally or waterproofing specifically within the electrical box where the preexisting leak originated. Furthermore, even if it did, such inaction would have been at most a refusal to become an instrument for good, which would not form the basis of a duty to either plaintiff or Con Ed (see Church ex rel. Smith v Callanan Indus., 99 NY2d 104, 111 [2002]). There is also no evidence that any leak contributed to the fire other than the leak from Con Ed's conduit to the box and all parties agree that no one other than Con Ed was permitted access to its equipment or vaults. Con Ed's third-party complaints seeking common-law contribution thus fails for a lack of duty, negligence and proximate cause.
Given the lack of negligence on the part of either PSI or Integral, Con Ed's common-law indemnity claims are not viable. Moreover, as a party not subject to statutory liability, Con Ed must be found negligent to be liable, a finding that would nullify any common-law indemnity claim (see 63rd & 3rd NYC LLC v Advanced Contr. Solutions, LLC, 223 AD3d 447, 448 [1st Dept 2024]).
Furthermore, since no party other than Con Ed opposed Integral or PSI's motion, all cross-claims in both actions should have been deemed abandoned (see Josephson LLC v Column Fin., Inc., 94 AD3d 479, 480 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024