321 A.2d 100.

GEORGES VANVOOREN *vs.* JOHN E. FOGARTY MEMORIAL
HOSPITAL *et al.*

JUNE 18, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a civil action seeking equitable relief

and money damages. The plaintiff, Georges Vanvooren, alleges that fuel oil from adjoining land owned by John E. Fogarty Memorial Hospital, one of the defendants, had seeped through and penetrated into a well on his land, thereby contaminating his water supply. The complaint alleges negligence by the defendants. The case was tried before a jury in the Superior Court, and, at the close of the plaintiff's case, the defendants moved for a directed verdict. The motions were granted by the trial justice and the plaintiff has appealed to this court from the judgments which were thereafter entered.

The record discloses that plaintiff is the owner of land and buildings, which he purchased in 1938, located on Eddie Dowling Highway in the town of North Smithfield. John E. Fogarty Memorial Hospital, (the hospital) one of defendants, is the owner of property immediately adjoining that of plaintiff. That property, which shall hereinafter be referred to as the "Dugas property," was purchased by the hospital in 1966. In 1941, plaintiff engaged A. & W. Artesian Well Co. to drill a well on his property. When the drilling was completed, the well produced potable water and has since been the sole water supply for plaintiff's property.

Vanvooren testified that from 1941 until November 1967, when he departed on a vacation trip, the water produced by the well was potable and adequately provided for his needs. He further testified that in May 1968, when he returned from his vacation trip, the water from the well had an unusual odor and color which he described as like oil or kerosene, and was not fit to drink. The plaintiff related that in December 1969, he brought water samples from the well to the Lapuck Laboratories in Waltham, Massachusetts, for analysis and a report. Vanvooren stated that sometime in 1969, he complained to the administrator of the hospital about the water con-

tamination, but nothing was done by the hospital about the complaint.

Norman Croteau, maintenance superintendent of the hospital from 1965 to the end of 1968, testified that in October or November 1967, he was called by the occupants of the Dugas property to investigate the presence of oil fumes in the building on the premises. He stated that he could smell oil fumes some distance from the building, and upon investigation observed a puddle of oil on the cellar floor and discovered an oil leak at the fire gun of the furnace which was located in the cellar. He thereupon reported his findings to the hospital administrator, who directed him to call defendant, Martel Oil Co., Inc., (Martel), and "have it straightened out." He related that Martel sent to the Dugas property one of its maintenance men, who, after viewing the problem, came to Croteau's office at the hospital and advised him that Martel would repair the leak, but that the hospital would be required to break the cement and excavate the earth around the oil pipeline. Croteau stated that the maintenance crew of the hospital, acting under his orders, used an electric hammer to break a 16-inch hole in the cement and excavated the soil from around the pipe to expose the leak. He related that after the cement was broken, he observed that the earth under the cement was saturated with oil and that the oil line was broken. The broken oil line was repaired by Martel, and thereafter the hospital maintenance crew replaced the saturated soil and patched the cement floor. Croteau related that the leak was repaired, the soil replaced, and the cement floor patched, all within two or three days after the hospital received the complaint from the occupants of the Dugas property. Croteau stated that after the leak was repaired he continued to receive complaints about oil fumes from the occupants of the Dugas property, but that he did nothing further about

it. He also stated that he never notified any of the neighbors of the oil leak or discussed the leak with plaintiff.

Victor Brodeur, a repair and installation man employed by A. & W. Artesian Well Co., testified that in December 1969, at the direction of Vanvooren, he took some water samples from plaintiff's well which contained a black substance with an oily odor.

Jack L. Lapuck, owner of a testing and counseling laboratory, testified that in January 1970, plaintiff brought water samples to the laboratory for testing. Lapuck stated that upon analysis the samples were found to contain fuel oil.

The plaintiff in his appeal initially contends that the trial justice erred when he granted the motions for a directed verdict for each defendant. It is well settled that in reviewing the grant of a defendant's motion for a directed verdict, this court, like the trial court, is bound to consider the evidence in a light most favorable to plaintiff without weighing it or assessing the credibility of the witnesses, to give plaintiff the benefit of all reasonable inferences flowing from the evidence, and to leave to the jury the determination of any inconsistencies or discrepancies in the testimony adduced by plaintiff. *Wilkinson* v. *Vesey*, 110 R. I. 606, 295 A.2d 676 (1972); *Enos* v. *W. T. Grant Co.*, 110 R. I. 523, 294 A.2d 201 (1972); *Maggi* v. *DeFusco*, 107 R. I. 278, 267 A.2d 424 (1970). With these principles to guide us, we consider the correctness of the trial justice's decision in granting the motion for a directed verdict in favor of each defendant.

## *MARTEL OIL CO., INC.*

In his decision the trial justice stated that "Negligence implies fault, and there is no evidence before the jury from which they could draw any inference on the fault

of Martel Oil Company." The plaintiff disagrees and argues that there was evidence on which the jury could find that defendant, Martel, was negligent. He points to the testimony that Martel's maintenance man, responding to the call from the hospital, undertook to and did repair the leak in the oil line. The plaintiff argues that it then became the maintenance man's duty as a reasonable person to replace the soil that was saturated with oil, and his failure to do so was evidence on which the jury could find him guilty of negligence. To avoid liability for negligence one must act as a reasonably prudent man would under the circumstances. *Union Pac. Ry.* v. *McDonald,* 152 U.S. 262, 14 S.Ct. 619, 38 L.Ed. 434 (1894); *Federal Ins. Co.* v. *Herreshoff Mfg. Co.,* 6 F.Supp. 827 (D.R.I. 1934). The plaintiff, however, overlooks the fact that before liability attaches there must be a showing that defendant owed a duty to plaintiff.

The defendant, Martel Oil Co., Inc., was engaged by defendant, Fogarty Memorial Hospital, to deliver oil to the Dugas property. There is no evidence that Martel in any way allowed or caused oil to overflow on the ground outside the house on the premises. In an attempt to establish negligence by Martel, plaintiff points to the testimony of Norman Croteau, the maintenance superintendent of the hospital at the time the oil leak was discovered and repaired. Croteau testified that Martel was engaged to repair the oil leak, which task Martel accomplished. There is no evidence that the leak was improperly repaired by Martel or that Martel was responsible for the break in the oil line. The plaintiff now argues that the oil from the broken oil line saturated the soil and seeped into his well and that Martel should have replaced the saturated earth with clean material. However, assuming that the argument of plaintiff is correct, there is no evidence that Martel was under a duty to do any more than

it did, namely, to repair the break in the underground oil line.

In the circumstances, the trial justice, viewing all the evidence in the light most favorable to plaintiff, correctly found there was no evidence of any negligence on the part of Martel Oil Co., Inc. and did not err in granting the motion of defendant, Martel Oil Co., Inc. for a directed verdict.

## JOHN E. FOGARTY MEMORIAL HOSPITAL

In granting the motion of defendant, Fogarty Memorial Hospital, for a directed verdict, the trial justice found no evidence of fault on the part of the hospital, stating that its only duty was to exercise reasonable care which it did by repairing the leak in the oil line after being notified of its existence.

The plaintiff does not dispute that the hospital repaired the leak in the oil line, but directs our attention to the testimony of Norman Croteau, the maintenance superintendent of the hospital, that when he discovered the leak he also observed that the earth surounding the oil line was saturated with oil. Croteau further testified that the saturated soil was replaced by the hospital's maintenance crew after the broken pipeline had been repaired. The plaintiff contends that such replacement of the saturated earth was not reasonable conduct under the circumstances and was evidence of negligence on the part of the hospital.

The plaintiff further points to testimony that the hospital did nothing after being notified of the pollution of plaintiff's water supply as further evidence of negligence by the hospital.

The testimony cited by the plaintiff, in our opinion, constitutes evidence in the record from which the jury could conclude that the defendant, Fogarty Memorial Hospital, after being advised of the oil leak and the contamination

of the water supply, owed a duty to the plaintiff not only to repair the leak but also to exercise reasonable care that the oil would not contaminate the plaintiff's water supply. Whether or not the hospital has exercised reasonable care in this regard is a question for the jury to decide. Under such circumstances, the plaintiff is entitled to have his case submitted to the jury and it was therefore error for the trial justice to grant the motion for direction in behalf of the defendant, Fogarty Memorial Hospital.

The plaintiff's appeal from the judgment entered as to Martel Oil Co., Inc. is denied and dismissed, the plaintiff's appeal from the judgment entered as to John E. Fogarty Memorial Hospital is sustained, and the case is remanded to the Superior Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Lavine & Sutherland, Paul P. Baillargeon,* for plaintiff.

*Roberts & Willey Incorporated, Dennis J. Roberts II,* for John E. Fogarty Memorial Hospital. *Keenan, Rice, Dolan & Reardon, John F. Dolan,* for Martel Oil Company, Inc.