RICHARD W. BECK, JR., et al., on Behalf of Themselves and Others Similarly Situated, et al., Respondents, v FMC CORPORATION et al., Appellants.

Fourth Department, July 2, 1976

*Hurwitz, Siegel & Hurwitz (Louis Siegel* of counsel), for FMC Corp., appellant.

*Jaeckle, Fleischmann & Mugel (Lawrence Wagner* of counsel), for Niagara Mohawk Power Corp., appellant.

*Fudeman & Renaldo (Irving Fudeman* of counsel), for respondents.

*Per Curiam.* On March 1, 1973 an explosion occurred in that portion of the plant of defendant, FMC Corporation (FMC), which houses its persulphate operation. Persulphate is an oxygen-bearing substance containing oxidizing and combustible agents. Defendant Niagara Mohawk Power Corporation (Niagara Mohawk) owned and operated a power generating station known as the Huntley Station, located across River Road from the FMC plant, in the Town of Tonawanda, New York. The Huntley Station generates electrical power used by various industrial, commercial and individual consumers in the area.

The explosion at the FMC plant disrupted Niagara Mohawk's electrical power service to a Chevrolet plant located approximately one and a-half miles away. The Chevrolet plant was unable to operate without electricity and its management

neither employed nor paid its hourly employees on the date of the explosion.

Plaintiffs are more than 600 hourly employees of Chevrolet, together with their respective unions. They claim to represent approximately 8,500 similarly situated individuals and seek judgment in the amount of $340,000 for lost wages. Defendants moved to dismiss the complaint for failure to state a cause of action and for failure to qualify as a class action. This appeal is taken from Special Term's denial of those motions. In light of our rationale on the other issues here presented, the dispute as to whether this is properly a class action need not be decided.

Plaintiffs assert causes of action against Niagara Mohawk sounding in breach of warranty and negligence. The claim based on breach of warranty must fail. There is no agreement between plaintiffs and Niagara Mohawk. While plaintiffs may derive a benefit from the performance of the agreement between their employer and Niagara Mohawk for electrical power service to the plant, they are neither promisees nor the one to whom performance is to be rendered. Plaintiffs are incidental beneficiaries of the contract and, as such, defendant owes them no duty to make reparation for the lost benefit (*Moch Co. v Rensselaer Water Co.,* 247 NY 160, 164-166; *Salzman v Holiday Inns,* 48 AD2d 258, 261). Nor may plaintiffs rely upon cases dealing with strict products liability in tort. Their cause of action charging breach of warranty involves neither the marketing of a defective product nor injury resulting from the use of such a product (see *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395).

Plaintiffs' cause of action in negligence against Niagara Mohawk also must fail. Plaintiffs do not allege any affirmative act of negligence, but rely solely on the failure of Niagara Mohawk to maintain and perpetuate electrical service. Under such circumstances, we are bound to conclude that Niagara Mohawk owed no duty to plaintiffs for a negligent failure to furnish electricity to their employer. A contrary determination would unduly extend the liability of this defendant to an indefinite number of potential beneficiaries. "The assumption of one relation will mean the involuntary assumption of a series of new relations, inescapably hooked together." (*Moch Co. v Rensselaer Water Co., supra,* p 168.) "The law does not spread its protection so far". (*Robins Dry Dock & Repair Co. v Flint,* 275 US 303, 309; *Moch Co. v Rensselaer Water Co.,*

*supra,* pp 165, 168; see *Kraye v Long Is. Light. Co.,* 42 AD2d 972; *Tuthill v City of Rochester,* 32 AD2d 873, affd 27 NY2d 558; *Nicholson v City of New York,* 271 App Div 899, affd 297 NY 548.)

The same rationale applies to plaintiffs' causes of action against defendant FMC based upon common-law negligence (asserting also the doctrine of *res ipsa loquitur),* nuisance and statutory liability under the Labor Law (Labor Law, § 451, subd 1).

Accepting all of the allegations of the complaint as true, as we must on a motion addressed to the pleadings *(Tobin v Grossman,* 24 NY2d 609, 612; *Kober v Kober,* 16 NY2d 191, 193), the damage claimed by each individual plaintiff is the loss of a day's wages attributable to the closing down of production at the Chevrolet plant. Plaintiffs claim that their "right" to work and to earn the wage was unlawfully interfered with by FMC.

FMC urges that what plaintiffs seek is recovery for an alleged interference with a contract right of employment and that in such circumstances recovery can be had only where there is a showing of an intentional disturbance of the employment relationship (see *Ferguson v Green Is. Cont. Corp.,* 36 NY2d 742, 743).

The sole issue here is whether we should broaden the range of duty and, therefore, of liability, of one charged with unintentional tortious conduct or with maintaining a nuisance, in order to create a new cause of action, independent of direct physical injury, for loss of wages by employees of a third party in these circumstances. The problem is so stated because "[w]ithout duty, there can be no breach of duty, and without breach of duty there can be no liability." *(Williams v State of New York,* 308 NY 548, 557.)

While we recognize that the extent of one's duty is determined by the risk reasonably to be perceived *(Palsgraf v Long Is. R.R. Co.,* 248 NY 339, 344), the foreseeability factor is not determinative of the issue. It is argued that FMC should have foreseen the ultimate damage to plaintiffs. "If foreseeability be the sole test, then once liability is extended the logic of the principle would not and could not remain confined." *(Tobin v Grossman, supra,* p 616.) It would extend endlessly, like the rippling of the waters, far beyond the zone of danger of the explosion, to all who suffered injury or economic loss caused by the absence of electrical power.

122

Judicial sanction of the causes of action pleaded here would make it nearly impossible to guard against unlimited or unduly burdensome liability and avoid arbitrary distinctions in defining the areas of liability *(Ferguson v Green Is. Cont. Corp., supra)*. "While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. * * * The problem for the law is to limit the legal consequences of wrongs to a controllable degree." *(Tobin v Grossman, supra,* p 619.)

The order should be reversed and the complaint dismissed.

MARSH, P. J., SIMONS, MAHONEY, DILLON and WITMER, JJ., concur.

Order unanimously reversed, without costs, motion granted and complaint dismissed.