■ MARGARET GROSSHANS, Appellant, v ROCHESTER GAS & ELECTRIC CORPORATION, Respondent. (Action No. 1.) MARGARET GROSSHANS, Appellant, v CITY OF ROCHESTER et al., Defendants, and COUNTY OF MONROE et al., Appellants. FIRELANDS CONSTRUCTION CORPORATION, Third-Party Plaintiff-Appellant, et al., Third-Party Plaintiff, v ROCHESTER GAS & ELECTRIC CORPORATION, Third-Party Defendant-Respondent. (Action No. 2.) JOHN B. DUFFY, as Father and Natural Guardian of JAMES DUFFY, Deceased, Plaintiff, v CITY OF ROCHESTER et al., Defendants, and COUNTY OF MONROE et al., Appellants. FIRELANDS CONSTRUCTION CORPORATION, Third-Party Plaintiff-Appellant, v ROCHESTER GAS & ELECTRIC CORPORATION, Third-Party Defendant-Respondent. (Action No. 3.) MARGARET GROSSHANS, Appellant, v CITY OF ROCHESTER et al., Defendants, and COUNTY OF MONROE et al., Appellants. COUNTY OF MONROE, Third-Party Plaintiff-Appellant, v ROCHESTER GAS & ELECTRIC CORPORATION, Third-Party Defendant-Respondent. (Action No. 4.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff failed to state a cause of action against Rochester Gas & Electric Corporation (RG&E) and summary judgment was properly granted dismissing the complaint. The rule is well established that a public utility may not be held liable for negligent failure to supply service absent a contractual relationship between plaintiff and the utility (see *Moch Co. v Rensselaer Water Co.,* 247 NY 160; *Strauss v Belle Realty Co.,* 98 AD2d 424; *Beck v FMC Corp.,* 53 AD2d 118, affd 42 NY2d 1027; cf. *Koch v Consolidated Edison Co.,* 62 NY2d 548). It was error, however, to dismiss the third-party complaints against RG&E by Firelands Construction Company and the County of Monroe. The third-party complaints, although couched in rather broad allegations of negligence, may be construed as alleging that RG&E owed a duty to the third-party plaintiffs to prevent them from incurring liability for RG&E's negligence in failing to reconnect the power lines as a result of which plaintiff was injured. Under current principles of apportionment and comparative negligence, a tortfeasor may have a claim for proportionate liability against a third party in the absence of a duty by that third party to the injured person. "If an independent obligation can be found on the part of a concurrent wrongdoer to prevent foreseeable harm, he should be held responsible for the portion of the damage attributable to his negligence, despite the fact that the duty violated was not one owing directly to the injured person" (*Garrett v Holiday Inns,* 58 NY2d 253,

261; see, also, *Nolechek v Gesuale,* 46 NY2d 332). There are issues of fact with respect to the alleged negligence of RG&E which preclude the granting of summary judgment dismissing the third-party complaints. It will be necessary to determine whose responsibility it was to restore the current to light pole No. 54; what kind of notice was given to RG&E; who had the responsibility to reconnect the power line and who was responsible for the delay in reconnecting it. Those and other questions must be resolved by the trier of facts. (Appeals from order of Supreme Court, Monroe County, Boehm, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Moule, JJ.