■ TWO CLINTON SQUARE CORP., Respondent, v SYDNEY FRIEDLER et al., Appellants. (Appeal No. 2.)—Appeal unanimously dismissed as moot without costs. (Appeal from order of Supreme Court, Onondaga County, Miller, J.—settlement of record.) Present—Callahan, J. P., Doerr, Denman and Green, JJ.

■ PATRICK STACK, Respondent, v JOHN BRANICKY et al., Respondents, and NEW YORK STATE ELECTRIC & GAS CORP., Appellant, et al., Defendants. (And Two Other Actions.)—Order unanimously reversed, on the law, without costs, and appellant's motion granted. Memorandum: Special Term erred in denying the motion of defendant New York State Electric and Gas Corp. (NYSEG) seeking summary judgment dismissing the complaint. "The rule is well established that a public utility may not be held liable for negligent failure to supply service absent a contractual relationship between plaintiff and the utility (see *Moch Co. v Rensselaer Water Co.,* 247 NY 160; *Strauss v Belle Realty Co.,* 98 AD2d 424; *Beck v FMC Corp.,* 53 AD2d 118, affd 42 NY2d 1027; cf. *Koch v Consolidated Edison Co.,* 62 NY2d 548)" *(Grosshans v Rochester Gas & Elec. Corp.* 103 AD2d 1038).

More recently, the Court of Appeals in *Strauss v Belle Realty Co.* (65 NY2d 399, *affg* 98 AD2d 424, *supra),* addressing the responsibility of public utilities to provide service, reaffirmed the proposition that a defendant's negligence is actionable only when it breaches a duty owed to plaintiff. "[I]n determining the liability of utilities for consequential damages for failure to provide service—a liability which could obviously be 'enormous,' and has been described as *'sui generis,'* rather than strictly governed by tort or contract law principles *(see,* Prosser and Keeton, Torts § 92, at 663 [5th ed])—courts have declined to extend the duty of care to noncustomers" *(Strauss v Belle Realty Co., supra,* p 403). (Appeal from order of Supreme Court, Erie County, Ricotta, J.—summary judgment.) Present—Callahan, J. P., Doerr, Denman, Green and O'Donnell, JJ.