[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is presently before the Court on cross-motions for summary judgment pursuant to Rule 56 of the Rhode Island Rules of Civil Procedure. Defendant, Narragansett Electric Company ("NEC") contends that summary judgment should be granted in its favor because it did not owe a legal duty to the plaintiff. Plaintiff, Joanne White ("White") has objected to NEC's motion and filed a cross-motion for summary judgment to establish that NEC did owe a legal duty to her, through the municipality of the Town of Narragansett as a third party beneficiary of the contract or tariff agreement between NEC and the Town of Narragansett.
Case Travel
The following facts are not in dispute. On November 20, 1987 at about 5:15 p.m., the plaintiff was involved in a one car accident just north of the intersection of Boston Neck Road and Bonnett Shores Road in Narragansett, Rhode Island. At this time and at this location, NEC provided street lighting to the Town of Narragansett. The lighting service was provided pursuant to a rate tariff approved by the Rhode Island Public Utilities Commission.
Plaintiff claims that an outage and/or failure of streetlights to burn, in or about the intersection where the accident occurred, prevented her from seeing a pedestrian in the road. Plaintiff's inability to see the pedestrian caused her to swerve and hit a curb, rolling her automobile over and resulting in personal injury to plaintiff and property damage to her car.
NEC does not dispute, for the purposes of this motion, that there were no working streetlights at the time of the accident between Pole 53 (the scene of the accident according to the Narragansett Police Report) and a point seven or eight poles to the north on Boston Neck Road. NEC does contend that it owes no legal duty to the plaintiff since, pursuant to the tariff agreement, the Town of Narragansett, and not members of the general public, is NEC's customer. Furthermore, the job of inspecting the lights belonged to the town; NEC repaired lamp outages upon notification from the town or from other sources. At no time prior to November 20, 1987, had the Town of Narragansett or any other person notified NEC that there was a lamp outage at Pole No. 53 or any other NEC pole within one mile of the accident site.
ANALYSIS
It is well established that a motion for summary judgment is a drastic remedy and, as such, should be applied cautiously.Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). Pursuant to R.C.P. 56(c), a trial justice may grant the motion "if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law." Golderesev. Suburban Land Co., 590 A.2d 395, 396 (R.I. 1991) (quotingRhode Island Hospital Trust National Bank v. Boiteau,119 R.I. 66, 376 A.2d 324 (1977)). The court must, however, view the pleadings, affidavits, memoranda, and other evidence in the light most favorable to the non-moving party. Rustigian, 478 A.2d at 189. If the party opposing the motion establishes that a material issue of fact exists, then the court must deny the motion.Grissom v. Pawtucket Trust Company, 559 A.2d 1065, 1066 (R.I. 1989).
Negligence is the breach of a duty, the existence of which is a question of law for the court to decide not the jury. Banks v.Bowen's Landing Corp., 522 A.2d 1222, 1224 (R.I. 1987) (citing,Barratt v. Burlingham, 492 A.2d 1219, 1220 (R.I. 1985)). In order for liability to attach, there must be a showing that the defendant owed a duty to plaintiff. Vanvooren v. John E. FogartyMemorial Hospital, 113 R.I. 331, 321 A.2d 100, 102 (1974). If no such duty exists, then the trier of fact has nothing to consider and a motion for summary judgment must be granted. Banks v.Bowen's Landing Corp., 522 A.2d 1222, 1225 (R.I. 1987) (citing,Barratt v. Burlingham, 492 A.2d 1219, 1222 (R.I. 1985)).
NEC contends that it is entitled to a granting of summary judgment because it owes no duty to the plaintiff, thereby barring plaintiff from maintaining an action in negligence. While there are no reported Rhode Island cases which discuss a utility's duty to private parties to maintain streetlights, several other jurisdictions have considered the matter. The courts in these cases concluded that motorists or pedestrians injured in vehicular accidents caused at least in part by the fact that streetlights were inoperative, were not entitled to recover for their injuries from the proper companies that were contractually obligated to provide the streetlights. In addition, these courts recognized that, absent an express undertaking to the general public, an electric company owes no legal duty to non-customers to maintain streetlights in good operating condition. See, Shafouk Nor El Din Hamza v. Bourgeois,493 So.2d 112 (La. App. 5th Cir. 1986) cert. denied, 497 So.2d 1013
(La. 1986); East Coast Freight Lines v. Consolidated Gas,Electric Light Power Co., 50 A.2d 246 (Md. 1846); Grosshansv. Rochester Gas Electric Corp., 478 N.Y.S.2d 402 (4th Dept. 1984).
In this case, plaintiff does not contend that NEC has a general duty to provide operative street lighting to the general public. Plaintiff alleges that NEC owes a legal duty to plaintiff as a third party beneficiary to the contract or tariff agreement between NEC and the Town of Narragansett. Plaintiff relies onKoch v. Consolidated Edison Company of New York, Inc., 62 N.Y.2d 548, 468 N.E.2d 1 (N.Y. 1984) to support this argument.
The court in Koch found that all the plaintiffs, the Mayor of New York and the public benefit corporations, were third-party beneficiaries of the agreements between Power Authority of the State of New York and Consolidated Edison. However, the court based its conclusion on its finding that the legislation and agreements between the Panel Authority and the electric company expressly conferred an obligation on behalf of the electric company to maintain power to the customers, including plaintiffs, in the areas designated in the agreements. More importantly, the court in Koch distinguished the situation in Koch from its earlier decisions where it found that a contract between a utility and the city did not create a duty to member of the public. See, Kornblut v. Chevron Oil Co., 62 A.D. 831, 407 N.Y.S.2d 498, Aff'd on open. below 48 N.Y.S.2d 853, 424 N.Y.S.2d 429, 400 N.E.2d 368 (N.Y. 1979); Moch Cov. Rensselaer WaterCo., 247 N.Y. 160, 159 N.E. 896. The court further stated that "In neither of those cases did the operative contract provide that the service was to be rendered other than for the contracting party, city or authority." Koch at p. 7.
Here, there is no special legislation or language in the tariff which establish plaintiff as a third-party beneficiary of the agreement between NEC and the Town of Narragansett. Furthermore, a beneficiary of a promise is an intended beneficiary, entitled to recover against the promisor, if such was the intention of the parties to the agreement. Restatement (Second) of Contracts § 302 (1981). Here, there is no evidence that either NEC or the Town of Narragansett intended to make plaintiff an intended third party beneficiary under the tariff agreement.
Based upon the arguments of counsel, the pleadings, and the affidavits, and viewing the evidence in the light most favorable to the non-moving party, the Court finds that there is no genuine issue of material fact. Accordingly, defendant's, Narragansett Electric Company, motion for summary judgment is granted.
Counsel shall prepare the appropriate judgment for entry.