Rockingham
No. 7882

CLINTON B. LIBBEY & a.

v.

HAMPTON WATER WORKS COMPANY, INC.

July 18, 1978

*Mr. William J. Hurley*, of Portsmouth, by brief and orally, for the plaintiffs.

*Sulloway, Hollis, Godfrey & Soden*, of Concord (*Fred L. Potter* by brief and orally), for the defendant.

CANN, J. (By special assignment pursuant to RSA 490:3.)   This is an action to recover damages for real and personal property lost when the plaintiffs' home was completely destroyed by fire. The plaintiffs claim that the defendant's failure to provide sufficient water pressure to extinguish the fire resulted in the loss. The defendant moved to dismiss both the contract and negligence counts for failure to state a cause of action. *Perkins*, J. transferred the questions of law without ruling.

Plaintiffs' claims in contract present no difficult problem. Specifically the plaintiffs allege that they were parties to an agreement that required the defendant to furnish "a supply of water to be used for domestic purposes at the plaintiffs' residence." The plaintiffs do not allege that the agreement required the defendant to provide water in fire hydrants. In the application for service, a copy of which is included in the record, water for fire-fighting purposes is not mentioned. Thus plaintiffs' claim states no cause of action in contract and should be dismissed.

The negligence count presents a more difficult question. This court has never considered whether the customer of a water company has an action in tort when the company's failure to provide sufficient pressure for fire fighting contributes to a fire loss. This question, however, has been widely considered in other jurisdictions. In the leading case *H. R. Moch Co. v. Rensselaer Water Co.*, 247 N.Y. 160, 159 N.E. 896 (1928), Justice Cardozo, for the court, refused to impose liability because the plaintiff in that case fell outside the "zone of duty." Justice Cardozo's opinion represents the overwhelming weight of authority. *See* W. Prosser, Handbook of the Law of Torts § 93, at 626 (4th ed. 1971); 78 Am. Jur. 2d *Water Works and Water Companies* § 51 (1975); Annot., 62 A.L.R. 1205, 1221 (1929). Only four jurisdictions impose liability on a water company.

W. Prosser, *supra* § 93, at 626. The principal case imposing liability is *Doyle v. South Pittsburgh Water Co.*, 414 Pa. 199, 199 A.2d 875 (1964). That holding occasioned a strong dissent, which accused the majority of finding " 'proof of negligence in the air. . . .' " *Id.* at 228, 199 A.2d at 889 (Jones, J., dissenting), *quoting Palsgraf v. Long Island R.R.*, 248 N.Y. 339, 341, 162 N.E. 99, 99 (1928).

■ ■ The debate over whether a water company will be liable for failing to provide adequate pressure to extinguish a fire revolves around the question of "duty." Duty, however, is an exceedingly artificial concept. If a court wishes to impose liability, it can easily find the necessary "relationship" between the parties to create the "duty." The question whether there is a "duty" merely begs the more fundamental question "whether the plaintiff's interests are entitled to legal protection against the defendant's conduct." W. Prosser, *supra* § 53, at 325. The decision to impose liability reflects a judicial determination that "the social importance of protecting the [plaintiff's interest] outweighs the importance of immunizing the defendant from extended liability." Note, *The Child's Right to Sue for Loss of a Parent's Love, Care and Companionship Caused by Tortious Injury to the Parent*, 56 B.U.L. Rev. 722, 740 (1976).

Thus rejecting the seductive call of "duty," we consider whether the plaintiff has an interest here that should be protected. The plaintiff's interest in his home and personal property is far more than de minimis. That homes will catch fire is foreseeable. Further it is clearly foreseeable that when the defendant laid pipe for fire hydrants and provided water for the hydrants, a homeowner in an area with hydrants would rely on that water to extinguish a fire in his home. Prima facie, these considerations form an adequate basis for liability.

■ ■ Before liability is imposed, however, we must take into consideration the countervailing interests. To impose liability on a water company for its ordinary negligence in the instant situation would result in an indefinitely extended scope of liability on such utilities. *See Reimann v. Monmouth Consol. Water Co.*, 9 N.J. 134, 139, 87 A.2d 325, 327 (1952); *H. R. Moch Co. v. Rensselaer Water Co.*, 247 N.Y. at 168, 159 N.E. at 899. Water companies are in business to supply water, not to extinguish fires. Their rates reflect this assumption; they are uniform, not varying with the greater or lesser inherent danger in given areas. *Reimann v. Monmouth Consol. Water Co.*, 9 N.J. at 139, 87 A.2d at 327. Water companies would have to raise their rates to compensate for the newly imposed burden or to procure insurance to protect themselves against the consequences of

that burden. In either event, water would no longer be a cheap, easily procurable commodity. In areas of high risk, water could become prohibitively expensive. The remaining alternative, to run the risk of paying large judgments for negligent acts would deter many from entering such a business. The payment of such judgments could easily bankrupt many existing companies. Regardless which alternative is selected, the disruption of the system under which water is provided for consumer use will be severe.

■ There are other factors favoring a refusal to impose liability. The homeowner could not effectively provide an alternative system for extinguishing fires. Of course, this proposition cuts both ways. If there is no alternative to relying on a public water supply, one could argue that imposing liability serves to guarantee that the company will be diligent in maintaining pressure. But liability cannot be imposed if there is no effective alternative. The company cannot be said to have dissuaded the homeowner from selecting another method of protecting his home. Finally, fire insurance is readily available to homeowners. Thus a homeowner can protect his interest by procuring a policy without causing any disruption of an essential public service. Because the homeowner can protect his interests adequately and because a cheap, readily available supply of water is essential to a modern community, we decline to impose liability in tort for a water company's ordinary negligence in allowing the pressure in hydrants to fall below a level sufficient to fight fires.

Thus the plaintiff's complaint states no cause of action in either tort or contract and should be dismissed.

*So ordered.*

LAMPRON, C.J., DOUGLAS and BROCK, JJ., did not sit; the others concurred.