Hillsborough
No. 78-130

CHRISTINE RICHARDS, BY HER
MOTHER AND NEXT FRIEND,
DORIS RICHARDS

v.

LARRY LEPPARD

September 27, 1978

*Craig, Wenners, Craig & McDowell,* of Manchester (*Vincent A. Wenners, Jr.* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*James S. Yakovakis* orally), for the defendant.

## MEMORANDUM

This case arose when a dog owned by Marshall Nye bit Christine Ann Richards on August 22, 1976. Marshall Nye was a lessee of a home at Shell Camp Lake in the town of Gilmanton, New Hampshire. The owner of the home was the defendant, Larry Leppard of Concord.

By writ dated March 28, 1977, the plaintiff commenced a civil action against Larry Leppard, the lessor, under RSA 466:19 alleging that Larry Leppard was in "possession and control" of the dog in question. The defendant filed a motion for summary judgment with his attached affidavit reciting that he was not the owner or keeper of the dog, nor was he in possession or control of the dog. On September 28, 1977, the court granted the defendant's motion for summary judgment. The plaintiff excepted to this ruling. On September 30, 1977, the plaintiff moved to amend the declaration in her writ, to which the defendant filed a motion to dismiss and plea in abatement. At a hearing on November 22, 1977, the plaintiff waived her motion to amend the declaration in the writ.

By writ dated November 30, 1977, the plaintiff commenced a new action against Larry Leppard, claiming general negligence on his part

in that he knew or should have known that the dog would roam and be potentially dangerous. The defendant filed a motion to dismiss, which the court granted. The plaintiff excepted to this ruling. All questions of law were transferred by *Flynn, J.*

Although RSA 466:19 makes liable for damages one "who owns or keeps [a] . . . dog, or has it in possession" if it causes injury to another, we find no duty in this case breached by the lessor and therefore no cause of action lies. *See Libbey v. Hampton Water Works Company, Inc.,* 118 N.H. 500, 389 A.2d 434 (1978).

*Exceptions overruled.*