---

A. C. WOODBURY, *Plaintiff in Error,* v. THE TAMPA WATER WORKS COMPANY, A CORPORATION, *Defendant in Error.*

1.  Where a water company undertakes to render the public service of furnishing water for fire protection in a city, an individual may maintain an action against the company to recover damages for a loss proximately resulting to him from the negligent failure of the company to perform its duty to the plaintiff as a part of the public service undertaken, if the loss is such as the company should reasonably have contemplated as the ordinary, natural and probable result of the negligence.

2.  Negligence is a proximate cause of an injury or loss when in ordinary, natural sequence it causes or contributes to causing the injury or loss, without an intervening independent efficient cause.

3.  The duty a water company owes by implication of law to an individual property owner by virtue of engaging in the public service of furnishing water for fire protection, is to supply the

hydrants near the property of the individual with water as legally required. The law imposes no duty to insure property or to extinguish fires.

4. Where a water company is engaged in rendering the public service of furnishing water for fire protection in a city, and an action for negligence is brought against the company by an individual, an allegation that the negligence consisted in the failure of the company to supply the hydrants in the immediate section where the fire existed with water for fire purposes, and by reason thereof the fire was not extinguished and then and there spread to and burned the plaintiff's property, does not show that the negligence complained of was a proximate cause of the plaintiff's loss, where it appears that the plaintiff's property was not located where the fire originated and "existed," and it does not appear that the defendant was responsible for starting the fire or was under a duty to extinguish the fire and failed to do so. The negligence of the defendant in failing to furnish water where the fire originated may not be the proximate cause of the burning of property at another place, and the duty of the defendant to the plaintiff is to furnish water at the point where the plaintiff's property is located not where property of others is burning.

5. In an action to recover damages an allegation that the defendant's negligence was the proximate cause of the injury to the plaintiff is insufficient when not sustained by the facts alleged.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Cockrell & Cockrell, F. M. Simonton* and *Wall & McKay,* for Plaintiff in Error;

*Sparkman & Carter* and *P. O. Knight,* for defendant in Error.

WHITFIELD, C. J.—The plaintiff in error brought an action in the Circuit Court for Hillsborough county to recover damages from the waterworks company for the burning of a house in the city of Tampa alleged to have been caused by the negligence of the defendant in not furnishing water for fire protection under a contract with the city involving the use of franchises.

A demurrer to the declaration was sustained, and, the plaintiff declining to plead further, judgment was entered for the defendant. The plaintiff took writ of error and the questions presented here for determination are (1) whether under the contract with the city the defendant is liable to an individual, (2) whether the declaration states a cause of action, and (3) the measure of the defendant's duty.

The declaration in counts *ex contractu* and *ex delicto* in effect alleges the operation by the defendant in the city of Tampa of a waterworks plant, hydrants, &c., and also the undertaking by the defendant waterworks company for valuable considerations "to obtain for the use of the inhabitants of said city an abundant supply of good water for all purposes and to supply water for fire purposes, giving a first-class fire protection" in accordance with an attached contract with the city. The breaches alleged in the several counts are that "the defendant was then and there neglectful of its duty in the premises and negligently failed to furnish an adequate supply of water in accordance with said contract, and negligently failed to supply said hydrants in the immediate section where said fire existed with water for fire purposes giving a first-class fire protection in accordance with said contract, and by reason of the defendant's negligence as aforesaid said fire was not extinguished, and then and there spread to and burned the plaintiff's said property;" and that the fire company would have extinguished the fire where it

began if water had been supplied; that the defendant "breached said contract in this that it failed and refused to supply said hydrants in the immediate section where said fire existed with water for fire purposes giving a first-class fire protection as required by said contract, and by reason of the defendant's said breach of said contract said fire then and there spread to and burned the plaintiff's said property;" that "the defendant was then and there neglectful of its duties in the premises and negligently failed to furnish an adequate supply of water in accordance with said contract, and negligently failed to supply said hydrants in the immediate section where said fire existed with water for fire purposes giving a first-class fire protection in accordance with said contract, and by reason of the defendant's negligence as aforesaid said fire was not extinguished and then and there spread to and burned the plaintiff's said property;" and that "said negligence consisted as aforesaid in the defendant's failing to supply said hydrants in the immediate section where said fire existed with water for fire purposes, giving a first-class fire protection." Damages were claimed in $1,200.00.

The right of the plaintiff to maintain an action for damages in cases of this character was determined adversely to the waterworks company in the case of Mugge v. Tampa Waterworks Company, 52 Fla. 371, 42 South. Rep. 81, 120 Am. St. Rep. 207, 6 L. R. A. (N. S.) 1171.

To maintain the action the plaintiff should allege facts to show that the defendant negligently failed to perform a duty it owed to the plaintiff because of the public service undertaken by the defendant, and that such failure was a proximate cause of the injury complained of. Where the duty does not necessarily result from the relation of the parties as alleged, the circumstances from which the duty arises should be alleged. Negligence is a proximate

cause of an injury when in ordinary, natural sequence it causes or contributes to causing the injury, without an intervening independent efficient cause. The injury must be such as the parties should reasonably have contemplated as the ordinary, natural and probable result of the negligence. Benedict Pineapple Company v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 South. Rep. 732; Hildreth v. Western Union Tel. Co., 56 Fla. 387, 47 South. Rep. 820. A declaration in an action at law should allege distinctly every fact that is essential to the plaintiff's right of action. Milligan v. Keyser, 52 Fla. 331, 42 South. Rep. 367.

The duty the defendant owed to the plaintiff by virtue of the public service engaged in by the defendant was to supply the hydrants near the plaintiff's property with water as legally required, such water to be used by others in extinguishing fire on the plaintiff's premises. The law imposes upon the defendant no duty to insure the property or to extinguish fires. The plaintiff has no right of action for a failure of the defendant to furnish water where the plaintiff's property was not located if such failure was not a proximate cause of the burning of the plaintiff's property.

It is alleged that the negligence consisted in the failure of the defendant to supply the hydrants in the immediate section where the fire existed with water for fire purposes, and by reason thereof the fire was not extinguished and then and there spread to and burned the plaintiff's property. The plaintiff's property was not located where the fire started. It does not appear that the defendant was in any way responsible for the starting of the fire, or that it was under a duty to extinguish the fire, or that it did not supply with water as legally required the hydrants at or near the plaintiff's property at the time the fire reached the property.

The failure of the defendant to furnish water where the fire existed before reaching the plaintiff's property does not appear to be the agency that proximately caused the fire to destroy the plaintiff's house.    The allegations that the plaintiff's property became in danger of being destroyed by fire and defendant was duly informed thereof and that the fire company would have extinguished the fire where it began if water had been furnished there, does not state a cause of action for the plaintiff even though it is alleged the fire spread to and burned plaintiff's property, since the duty of the defendant to the plaintiff was to furnish water for fire protection where the plaintiff's property was located and not at a different place where other property was situated.    The negligence alleged is an omission, and an omission to furnish water in one place does not appear to have been the ordinary and natural or proximate cause of the burning of property in another place, even though the fire spread by natural causes to the plaintiff's property, since the defendant was not responsible for starting the fire and was under no duty to the plaintiff to extinguish it where it started; but the primary duty of the defendant to the plaintiff was to supply water as lawfully required for extinguishing the fire when it reached plaintiff's property.    The allegation that the defendant's negligence was the proximate cause of the damage to the plaintiff is insufficient when not sustained by the facts alleged.

The judgment is affirmed.

All concur, except Cockrell, J., who took no part.