H. R. MOCH COMPANY, INC., Appellant, v. RENSSELAER WATER COMPANY, Respondent.

Water works companies — negligence — contract — tort — householder without remedy for breach by waterworks company of its contract with city unless intent appears that it be answerable to individuals — no cause of action for breach of contract through which fire spread to and destroyed its property — action not maintainable as common-law tort — nor as one for breach of statutory duty.

1. A contract between a city and a water company to furnish water at the city hydrants has in view a benefit to the public that is incidental rather than immediate, an assumption of duty to the city and not to its inhabitants, and unless an intention appears that the promisor is to be answerable to individual members of the public as well as to the city for any loss ensuing from the failure to fulfill the promise, a householder is without remedy against it.

2. A cause of action is not maintainable, therefore, by a property owner against a water works company for breach of a contract whereby the defendant agreed to supply to the municipality, wherein plaintiff's property was situated, service at fire hydrants, on allegations that by reason of defendant's failure to furnish an adequate supply of water with adequate pressure to extinguish a fire in a building, the fire spread to plaintiff's warehouse and destroyed it and its contents. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Pond* v. *New Rochelle Water Co.*, 183 N. Y. 330; *Matter of International Ry. Co.* v. *Rann*, 224 N. Y. 83; *Smyth* v. *City of New York*, 203 N. Y. 106; *Rigney* v. *N. Y. C. & H. R. R. R. Co.*, 217 N. Y. 31, distinguished.)

3. Nor is the action maintainable as a common-law tort. It cannot be said that defendant, when once it entered upon the performance of its contract with the city, was brought into such a relation with every one who might potentially be benefited through the supply of water at the hydrants as to give to negligent performance, without reasonable notice of a refusal to continue, the quality of a tort. In the absence of allegations of malice or other aggravating elements, the negligent failure to furnish an adequate supply of water is at most the denial of a benefit. It is not the commission of a wrong.

4. Nor is the action maintainable as one for breach of a statutory duty. There is nothing in the provisions of the Transportation Corporations Law (Cons. Laws, ch. 63) prescribing the duties of a water works company, to enlarge the zone of liability where an inhabitant of the city suffers indirect or incidental damage through deficient pressure at the hydrants. The breach of duty is to the city and, though wrongful, is unavailing without more to give a cause of action to another.

*Moch Co.* v. *Rensselaer Water Co.*, 219 App. Div. 673, affirmed.

(Submitted December 9, 1927; decided January 10, 1928.)

Appeal from a judgment, entered March 19, 1927, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which reversed an order of Special Term denying a motion for a dismissal of the complaint and granted said motion.

*Glenn A. Frank* for appellant. The duties and obligation of the defendant did not arise solely by reason of its contract with the city of Rensselaer, but had their inception in section 81 of the Transportation Corporations Law. (*Waterloo Water Co.* v. *Village of Waterloo*, 200 App. Div. 721; *Mamaroneck* v. *New York City Water*

*Co.,* 203 App. Div. 122; 235 N. Y. 563; *City of New York* v. *Jamaica Water Supply Co.,* 181 App. Div. 49; 226 N. Y. 572; *People ex rel. City of New York* v. *Queens County Water Co.,* 232 N. Y. 277; *Staten Island Water Supply Company* v. *City of N. Y.,* 144 App. Div. 324; *Glanzer* v. *Shepard,* 233 N. Y. 236.)

*Thomas F. McDermott* for respondent. A city assuming the function of extinguishment of fires is not liable to an inhabitant for its negligence. (*Springfield Fire Ins. Co.* v. *Village of Keeseville,* 148 N. Y. 46; *Maxmilian* v. *Mayor, etc.,* 62 N. Y. 160; *Oakes Mfg. Co.* v. *City of New York,* 206 N. Y. 221; *Matter of International Ry. Co.* v. *Rann,* 224 N. Y. 83; *Wainwright* v. *Queens Co. Water Co.,* 78 Hun, 146; *Wilcox* v. *Rochester,* 190 N. Y. 137.) The non-liability of the city for its negligence in the extinguishment of fires is extended to the defendant, a private water company, to which the city intrusted that governmental function. (*German Alliance Ins. Co.* v. *Home Water Supply Co.,* 226 U. S. 220; 174 Fed. Rep. 764; *Wainwright* v. *Queens Co. Water Co.,* 78 Hun, 146; *Smith* v. *Great South Bay Water Co.,* 82 App. Div. 427; *Nichol* v. *Huntington Water Co.,* 53 W. Va. 348; *Akron Water Co.* v. *Brownless,* 10 Ohio C. C. 620; Dillon on Mun. Corp. [5th ed.] § 1340; *Hall* v. *Passaic Water Co.,* 83 N. J. L. 771; *Baum* v. *Somerville Water Co.,* 84 N. J. L. 611; *Hone* v. *Presque Isle Water Co.,* 104 Maine, 271; *Eaton* v. *Faubin,* 37 Neb. 546; *House* v. *Houston W. Co.,* 88 Tex. 233; *Button* v. *Green Bay Water Co.,* 81 Wis. 48.) Plaintiff cannot recover in tort. (*German Alliance Ins. Co.* v. *Home W. Co.,* 226 U. S. 220; *Howsman* v. *Trenton W. Co.,* 119 Mo. 304; *House* v. *Houston W. Co.,* 88 Tex. 233; *Wilkins* v. *L. H. W. Co.,* 78 Miss. 389; *Nichol* v. *Huntington W. Co.,* 53 W. Va. 348; *Root* v. *Saratoga Spa,* 218 App. Div. 237; *Fitch* v. *Seymour Water Co.,* 139 Ind. 214; *Anderson* v. *Iron Mountain Water Co.,* 225 Mich. 514.)

Cardozo, Ch. J.   The defendant, a water works company under the laws of this State, made a contract with the city of Rensselaer for the supply of water during a term of years.   Water was to be furnished to the city for sewer flushing and street sprinkling; for service to schools and public buildings; and for service at fire hydrants, the latter service at the rate of $42.50 a year for each hydrant.   Water was to be furnished to private takers within the city at their homes and factories and other industries at reasonable rates, not exceeding a stated schedule.   While this contract was in force, a building caught fire.   The flames, spreading to the plaintiff's warehouse near by, destroyed it and its contents.   The defendant according to the complaint was promptly notified of the fire, " but omitted and neglected after such notice, to supply or furnish sufficient or adequate quantity of water, with adequate pressure to stay, suppress or extinguish the fire before it reached the warehouse of the plaintiff, although the pressure and supply which the defendant was equipped to supply and furnish, and had agreed by said contract to supply and furnish, was adequate and sufficient to prevent the spread of the fire to and the destruction of the plaintiff's warehouse and its contents."   By reason of the failure of the defendant to " fulfill the provisions of the contract between it and the city of Rensselaer," the plaintiff is said to have suffered damage, for which judgment is demanded.   A motion, in the nature of a demurrer, to dismiss the complaint, was denied at Special Term.   The Appellate Division reversed by a divided court.

Liability in the plaintiff's argument is placed on one or other of three grounds.   The complaint, we are told, is to be viewed as stating: (1) A cause of action for breach of contract within *Lawrence* v. *Fox* (20 N. Y. 268); (2) a cause of action for a common-law tort, within *MacPherson* v. *Buick Motor Company* (217 N. Y. 382); or (3) a cause of action for the breach of a statutory duty.   These several grounds of liability will be considered in succession.

(1) We think the action is not maintainable as one for breach of contract.

No legal duty rests upon a city to supply its inhabitants with protection against fire (*Springfield Fire Ins. Co.* v. *Village of Keeseville*, 148 N. Y. 46). That being so, a member of the public may not maintain an action under *Lawrence* v. *Fox* against one contracting with the city to furnish water at the hydrants, unless an intention appears that the promisor is to be answerable to individual members of the public as well as to the city for any loss ensuing from the failure to fulfill the promise. No such intention is discernible here. On the contrary, the contract is significantly divided into two branches: one a promise to the city for the benefit of the city in its corporate capacity, in which branch is included the service at the hydrants; and the other a promise to the city for the benefit of private takers, in which branch is included the service at their homes and factories. In a broad sense it is true that every city contract, not improvident or wasteful, is for the benefit of the public. More than this, however, must be shown to give a right of action to a member of the public not formally a party. The benefit, as it is sometimes said, must be one that is not merely incidental and secondary (cf. *Fosmire* v. *Nat. Surety Co.*, 229 N. Y. 44). It must be primary and immediate in such a sense and to such a degree as to bespeak the assumption of a duty to make reparation directly to the individual members of the public if the benefit is lost. The field of obligation would be expanded beyond reasonable limits if less than this were to be demanded as a condition of liability. A promisor undertakes to supply fuel for heating a public building. He is not liable for breach of contract to a visitor who finds the building without fuel, and thus contracts a cold. The list of illustrations can be indefinitely extended. The carrier of the mails under contract with the government is not answerable to the merchant who has lost the benefit of a bargain through

negligent delay. The householder is without a remedy against manufacturers of hose and engines, though prompt performance of their contracts would have stayed the ravages of fire. " The law does not spread its protection so far " (*Robins Dry Dock & Repair Co.* v. *Flint,* 275 U. S. 303).

So with the case at hand. By the vast preponderance of authority, a contract between a city and a water company to furnish water at the city hydrants has in view a benefit to the public that is incidental rather than immediate, an assumption of duty to the city and not to its inhabitants. Such is the ruling of the Supreme Court of the United States (*German Alliance Ins. Co.* v. *Home Water Supply Co.,* 226 U. S. 220). Such has been the ruling in this State (*Wainwright* v. *Queens County Water Co.,* 78 Hun, 146; *Smith* v. *Great South Bay Water Co.,* 82 App. Div. 427), though the question is still open in this court. Such with few exceptions has been the ruling in other jurisdictions (Williston, Contracts, § 373, and cases there cited; Dillon, Municipal Corporations [5th ed.]., § 1340). The diligence of counsel has brought together decisions to that effect from twenty-six States. Typical examples are Alabama (*Ellis* v. *Birmingham Water Co.,* 187 Ala. 552); California (*Nichaus Bros. Co.* v. *Contra Costa Water Co.,* 159 Cal. 305); Georgia (*Holloway* v. *Macon G. & W. Co.,* 132 Ga. 387); Connecticut (*Nickerson* v. *Bridgeport H. Co.,* 46 Conn. 24); Kansas (*Mott* v. *Cherryvale W. & M. Co.,* 48 Kan. 12); Maine (*Hone* v. *Presque Isle Water Co.,* 104 Me. 217); New Jersey (*Hall* v. *Passaic Water Co.,* 83 N. J. L. 771), and Ohio (*Blunk* v. *Dennison Water Co.,* 71 Ohio St. 250). Only a few States have held otherwise (Page, Contracts, § 2401). An intention to assume an obligation of indefinite extension to every member of the public is seen to be the more improbable when we recall the crushing burden that the obligation would impose (cf. *Hone* v. *Presque Isle Water Co.,* 104 Me. 217, at 232). The consequences invited would bear

no reasonable proportion to those attached by law to defaults not greatly different. A wrongdoer who by negligence sets fire to a building is liable in damages to the owner where the fire has its origin, but not to other owners who are injured when it spreads. The rule in our State is settled to that effect, whether wisely or unwisely (*Hoffman* v. *King*, 160 N. Y. 618; *Rose* v. *Penn. R. R. Co.*, 236 N. Y. 568; *Moore* v. *Van Beuren & N. Y. Bill Posting Co.*, 240 N. Y. 673; cf. *Bird* v. *St. Paul F. & M. Ins. Co.*, 224 N. Y. 47). If the plaintiff is to prevail, one who negligently omits to supply sufficient pressure to extinguish a fire started by another, assumes an obligation to pay the ensuing damage, though the whole city is laid low. A promisor will not be deemed to have had in mind the assumption of a risk so overwhelming for any trivial reward.

The cases that have applied the rule of *Lawrence* v. *Fox* to contracts made by a city for the benefit of the public are not at war with this conclusion. Through them all there runs as a unifying principle the presence of an intention to compensate the individual members of the public in the event of a default. For example, in *Pond* v. *New Rochelle Water Co.* (183 N. Y. 330) the contract with the city fixed a schedule of rates to be supplied not to public buildings but to private takers at their homes. In *Matter of International Railway Co.* v. *Rann* (224 N. Y. 83, 85) the contract was by street railroads to carry passengers for a stated fare. In *Smyth* v. *City of N. Y.* (203 N. Y. 106) and *Rigney* v. *N. Y. C. & H. R. R. R. Co.* (217 N. Y. 31) covenants were made by contractors upon public works, not merely to indemnify the city, but to assume its liabilities. These and like cases come within the third group stated in the comprehensive opinion in *Seaver* v. *Ransom* (224 N. Y. 233, 238). The municipality was contracting in behalf of its inhabitants by covenants intended to be enforced by any of them severally as occasion should arise.

(2) We think the action is not maintainable as one for a common-law tort.

"It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all" (*Glanzer* v. *Shepard*, 233 N. Y. 236, 239; *Marks* v. *Nambil Realty Co., Inc.*, 245 N. Y. 256, 258). The plaintiff would bring its case within the orbit of that principle. The hand once set to a task may not always be withdrawn with impunity though liability would fail if it had never been applied at all. A time-honored formula often phrases the distinction as one between misfeasance and non-feasance. Incomplete the formula is, and so at times misleading. Given a relation involving in its existence a duty of care irrespective of a contract, a tort may result as well from acts of omission as of commission in the fulfillment of the duty thus recognized by law (Pollock, Torts [12th ed.], p. 555; *Kelley* v. *Met. Ry. Co.*, 1895, 1 Q. B. 944). What we need to know is not so much the conduct to be avoided when the relation and its attendant duty are established as existing. What we need to know is the conduct that engenders the relation. It is here that the formula, however incomplete, has its value and significance. If conduct has gone forward to such a stage that inaction would commonly result, not negatively merely in withholding a benefit, but positively or actively in working an injury, there exists a relation out of which arises a duty to go forward (Bohlen, Studies in the Law of Torts, p. 87). So the surgeon who operates without pay, is liable though his negligence is in the omission to sterilize his instruments (cf. *Glanzer* v. *Shepard, supra*); the engineer, though his fault is in the failure to shut off steam (*Kelley* v. *Met. Ry. Co., supra;* cf. *Pittsfield Cottonwear Mfg. Co.* v. *Shoe Co.*, 71 N. H. 522, 529, 533); the maker of automobiles, at the suit of some one other than the buyer, though his negligence is merely in inadequate inspection (*MacPherson*

*v. Buick Motor Co.*, 217 N. Y. 382). The query always is whether the putative wrongdoer has advanced to such a point as to have launched a force or instrument of harm, or has stopped where inaction is at most a refusal to become an instrument for good (cf. *Fowler* v. *Athens Waterworks Co.*, 83 Ga. 219, 222).

The plaintiff would have us hold that the defendant, when once it entered upon the performance of its contract with the city, was brought into such a relation with every one who might potentially be benefited through the supply of water at the hydrants as to give to negligent performance, without reasonable notice of a refusal to continue, the quality of a tort. There is a suggestion of this thought in *Guardian Trust Co.* v. *Fisher* (200 U. S. 57), but the *dictum* was rejected in a later case decided by the same court (*German Alliance Ins. Co.* v. *Home Water Supply Co.*, 226 U. S. 220) when an opportunity was at hand to turn it into law. We are satisfied that liability would be unduly and indeed indefinitely extended by this enlargement of the zone of duty. The dealer in coal who is to supply fuel for a shop must then answer to the customers if fuel is lacking. The manufacturer of goods, who enters upon the performance of his contract, must answer, in that view, not only to the buyer, but to those who to his knowledge are looking to the buyer for their own sources of supply. Every one making a promise having the quality of a contract will be under a duty to the promisee by virtue of the promise, but under another duty, apart from contract, to an indefinite number of potential beneficiaries when performance has begun. The assumption of one relation will mean the involuntary assumption of a series of new relations, inescapably hooked together. Again we may say in the words of the Supreme Court of the United States, " The law does not spread its protection so far " (*Robins Dry Dock & Repair Co.* v. *Flint, supra;* cf. *Byrd* v. *English*, 117 Ga. 191; *Dale* v. *Grant*, 34 N. J. L. 142; *Conn. Ins.*

*Co. v. N. Y. & N. H. R. R. Co.*, 25 Conn. 265; *Anthony
v. Slaid*, 11 Metc. 290). We do not need to determine
now what remedy, if any, there might be if the defendant
had withheld the water or reduced the pressure with a
malicious intent to do injury to the plaintiff or another.
We put aside also the problem that would arise if there
had been reckless and wanton indifference to consequences
measured and foreseen. Difficulties would be present
even then, but they need not now perplex us. What
we are dealing with at this time is a mere negligent
omission, unaccompanied by malice or other aggravating
elements. The failure in such circumstances to furnish
an adequate supply of water is at most the denial of a
benefit. It is not the commission of a wrong.

(3) We think the action is not maintainable as one for
the breach of a statutory duty.

The defendant, a public service corporation, is subject
to the provisions of the Transportation Corporations Act.
The duty imposed upon it by that act is in substance
to furnish water, upon demand by the inhabitants, at
reasonable rates, through suitable connections at office,
factory or dwelling, and to furnish water at like rates
through hydrants or in public buildings upon demand by
the city, all according to its capacity (Transportation
Corporations Law [Cons. Laws, ch. 63], § 81; *Staten Island
Water Supply Co. v. City of N. Y.*, 144 App. Div. 318; *People
ex rel. City of N. Y. v. Queens Co. Water Co.*, 232 N. Y.
277; *People ex rel. Arthur v. Huntington Water Works Co.*,
208 App. Div. 807, 808). We find nothing in these
requirements to enlarge the zone of liability where an
inhabitant of the city suffers indirect or incidental damage
through deficient pressure at the hydrants. The breach
of duty in any case is to the one to whom service is denied
at the time and at the place where service to such one
is due. The denial, though wrongful, is unavailing with-
out more to give a cause of action to another. We may
find a helpful analogy in the law of common carriers.

A railroad company is under a duty to supply reasonable facilities for carriage at reasonable rates. It is liable, generally speaking, for breach of a duty imposed by law if it refuses to accept merchandise tendered by a shipper. The fact that its duty is of this character does not make it liable to some one else who may be counting upon the prompt delivery of the merchandise to save him from loss in going forward with his work. If the defendant may not be held for a tort at common law, we find no adequate reason for a holding that it may be held under the statute.

The judgment should be affirmed with costs.

POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur; O'BRIEN, J., not sitting.

Judgment affirmed, etc.