It is my view that the amended declaration states a cause of action. A public utility is liable for damages resulting from its failure to perform its contract. See Mugge v. Tampa Water Works Co., 52 Fla. 371, 42 So. 81, 6 L.R.A., N.S., 1171, 120 Am.St.Rep. 207; Woodbury v. Tampa Water Works Co., 57 Fla. 243, 49 So. 556, 21 L.R.A., N.S., 1034; 43 Am.Jur., 586-591, pars. 22 to 32. A contract to supply electrical current or power is not only binding, but may and must be performed according to its terms and the proper construction thereof, unless there is a sufficient excuse for non-performance, and where one party fails to perform without adequate excuse, he is liable for damages. Contracts for electric supply may be implied. 29 C.J.S., Electricity, § 26, 541-542, and footnote citations; Volume 20 Corpus Juris 332-340; 29 C.J.S., Electricity, §§ 25-28.
The several elements of damages claimed are not ruled upon but may be ruled upon by the trial court. I would reverse the judgment and require the defendant below to plead.
ADAMS, C.J., and BARNS, J., concur.