OPINION OF THE COURT
Paul J. Baisley, J.
Action by plaintiff, a former student, against defendant school district, sounding in negligence and malpractice, and in breach of a statutory duty. Defendant moves to dismiss the complaint for failure to state facts sufficient to constitute a cause of action, and for failure to timely serve a notice of claim pursuant to subdivision 2 of section 3813 of the Education Law and section 50-e of the General Municipal Law. Plaintiff cross-moves for leave to serve a late notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law.
Addressing the motions in the order in which made, the first cause of action, in material part, alleges that plaintiff was a student in defendant’s high school from September, 1972 to June, 1976, when he was issued a graduation certificate; that defendant was under a duty to educate him and qualify him for a graduation certificate; that defendant failed to properly perform such duty, stating in particular the omissions complained of; that the failures to comply with accepted standards constituted educational malpractice; that plaintiff was not aware of his deficiencies in reading and in common branch subjects; that defendant issued a graduation certificate to plaintiff notwithstanding the foregoing; that plaintiff became aware of his condition in November, 1976; and that as a result of this violation of duty plaintiff was damaged to the sum of $5,000,000. The second cause of action alleges the constitutional duty under section 1 of article XI of the New York State Constitution; that defendant agreed to and did maintain a statutory public school; that plaintiff was entitled to receive a proper education as a third-party beneficiary of the statutory duty; and that the breach thereof entitles him to damages in the sum of $5,000,000.
 As stated, the first cause of action sounds in negli *3 gence and malpractice; the second in breach of a statutory duty. Taking the second cause of action first, the facts alleged fail to state a claim upon which relief can be granted (Steitz v City of Beacon, 295 NY 51; Moch v Rensselaer Water Co., 247 NY 160; cf. Riss v City of New York, 22 NY2d 579). Turning to the first cause of action, a reading of the complaint reveals that it is parallel if not identical to the complaint in Peter W. v San Francisco Unified School Dist. (60 Cal App 3d 814). While different statutes are concededly involved the court finds the reasoning of the California intermediate appellate court persuasive. Concededly no statutory liability is here involved (cf. Riss v City of New York, supra); based upon the cogent reasoning in the cited case, the court finds no common-law duty in New York upon which the complaint at bar, alleging both negligence and malpractice, can be bottomed. Defendant’s motion to dismiss for failure to state facts sufficient to constitute a cause of action is granted.
In view of the disposition of the first branch of defendant’s motion, the second branch thereof, and the cross motion, are both denied without prejudice.
The court notes that this is apparently a case of first impression in New York, and that the commencement of this action has received substantial attention both in education circles and in the news media. This factor, combined with the recent adoption of 8 NYCRR 3.45 by the Board of Regents (amd July 2, 1976, eff June 1, 1979), and the establishment by the commissioner of basic competency tests pursuant to such provision, justifies the court’s suggesting that the grave policy questions posed by the issue at bar should be passed upon by appellate courts.