523 So.2d 628 (1988)
Edward ARENADO, As Personal Representative of the Estate of Susanna Arenado, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Appellee.
No. 4-86-2970.
District Court of Appeal of Florida, Fourth District.
March 2, 1988.
Rehearing and Rehearing Denied May 5, 1988.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Roth & Romano, West Palm Beach, and Marc Postelnek, Miami, for appellant.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied May 5, 1988.
SALMON, MICHAEL H., Associate Judge.
Susanna Arenado (Arenado) was killed in an automobile accident. The question we are asked to decide is whether or not, under the precise facts of this case, Florida Power & Light Company (FPL) owed a duty to Arenado.
At 1:00 a.m., Arenado was driving her car in an easterly direction. Another driver, not involved in this case, was driving in a southerly direction. The overhead traffic signal which controlled the intersection these cars were approaching was inoperative because, several minutes earlier, FPL's transmission line went down and interrupted the flow of electricity to the traffic light. Both vehicles entered the intersection and collided, causing fatal injuries to Arenado. The alleged cause of the interruption of the electric service was the negligence of FPL.
The appellant claims that the duty of FPL arises from one or more of three sources: (1) a statutory duty, (2) a contractual duty, and (3) a duty under the common law of torts.
The statutory duty is claimed to be found in section 366.03, Florida Statutes (1981), which requires each public utility to furnish each person applying for service sufficient, adequate and efficient service. The trial judge struck the allegations claiming a statutory duty from previous complaints upon the basis that violation of the statute and administrative regulations did not create a private cause of action. For much the same reasons we will discuss, we agree with this ruling.
The leading case deciding the duty of a public utility upon the theories of breach of contractual and common law tort is H.R. Moch Co. v. Rensselaer Water Co., 247 N.Y. 160, 159 N.E. 896 (1928), authored by Chief Justice Cardozo.
With regard to the contractual theory, which involved the doctrine of third party beneficiary, the court stated:
In a broad sense it is true that every city contract not improvident or wasteful, is for the benefit of the public. More than this, however, must be shown to *629 give a right of action to a member of the public not formally a party. The benefit, as it is sometimes said, must be one that is not merely incidental and secondary... . It must be primary and immediate in such a sense and to such a degree as to bespeak the assumption of a duty to make reparation directly to the individual members of the public if the benefit is lost.
159 N.E. at 897.
The court also pointed out that
[b]y a vast preponderance of authority, a contract between a city and a water company to furnish water at the city hydrants has in view a benefit to the public that is incidental rather than immediate, an assumption of duty to the city and not to its inhabitants.
Id.
The Moch court disposed of the claim of common law tort duty as did Judge Nesbitt in Abravaya v. Florida Power and Light Co., 39 Fla. Supp. 153 (Cir.Ct., Dade County, 1973), upon the grounds that the utility had not assumed the duty which is sought to be imposed upon it; that, in the general sense tort law is largely concerned with the allocation of risks; and the determination of who should bear those risks, which determinations have far-reaching consequences.
Appellant claims that although Moch and Abravaya may represent the general rule, the Florida Supreme Court has aligned itself with a recognizable minority which would impose liability upon a utility. Reliance is placed upon Mugge v. Tampa Waterworks Co., 52 Fla. 371, 42 So. 81 (1906), and Woodbury v. Tampa Waterworks Co., 57 Fla. 243, 49 So. 556 (1909). In Mugge, an individual whose building had burned because of the failure of the waterworks company to supply sufficient water pressure to a fire hydrant was permitted to sue although the contract to supply water was between the utility and the city and the injured person was not a party. Woodbury indicated approval of Mugge regarding duty. The cases are not, in our view, a minority holding. Moch recognized that there were cases imposing liability, but noted that "[t]hrough them all there runs as a unifying principle the presence of an intention to compensate the individual members of the public in the event of a default." 159 N.E. at 898. The contract in Mugge stated that the waterworks company should assume all liabilities to persons arising from constructing or operating the water system.
Concluding that there was no duty from FPL to Arenado, the dismissal of the fourth amended complaint, with prejudice, is affirmed.
ANSTEAD and GLICKSTEIN, JJ., concur.