537 So.2d 593 (1988)
Barbara DERRER and Thomas Derrer Her Husband, Appellants,
v.
GEORGIA ELECTRIC COMPANY and Bryant Electric Company, Appellees.
Nos. 87-1156, 87-2314.
District Court of Appeal of Florida, Third District.
November 1, 1988.
Rehearing Denied February 15, 1989.
Joe N. Unger, Kopplow & Flynn, Miami, for appellants.
Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson and G. William Bissett, Jr., Miami, for appellees.
Before HUBBART, BASKIN and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the plaintiffs Barbara and Thomas Derrer from an adverse final judgment entered by the trial court upon defendants Georgia Electric Co. and Bryant Electric Co.'s motion for judgment notwithstanding the verdict in a negligence *594 action arising out of an intersectional automobile accident. The jury had previously returned a verdict in favor of the plaintiffs, finding the defendants 70% negligent and the plaintiff Barbara Derrer 30% comparatively negligent. We affirm the final judgment under review upon a holding that the defendants' negligence herein in causing an intersectional traffic control signal to become inoperable was not, as a matter of law, a proximate cause of the ensuing automobile collision in the intersection and the resultant injury to the plaintiffs.
We are inclined to agree with the plaintiffs that the subject negligence was a cause-in-fact of the aforesaid collision because arguably the female plaintiff would have seen the traffic control signal in question had it been operating, would have realized that she was approaching an intersection, and, consequently, might have avoided hitting the automobile which entered the intersection from her left. We conclude, however, that her oblivious behavior in not realizing she was entering an intersection was not a reasonably foreseeable consequence of the defendant's negligence in causing the traffic light to become inoperable. Surely, inoperable intersectional traffic lights do not, in the range of ordinary human experience, cause automobile drivers to miss seeing the entire intersection where the light is located; such a bizarre occurrence is, in our view, beyond the scope of any fair assessment of the danger created by the inoperable traffic light. This being so, the trial court correctly concluded that the defendants' negligence herein was not a proximate cause of the plaintiffs' injuries. Stahl v. Metropolitan Dade County, 438 So.2d 14, 17-22 (Fla. 3d DCA 1983); see Department of Transp. v. Anglin, 502 So.2d 896, 899-900 (Fla. 1987); Metropolitan Dade County v. Colina, 456 So.2d 1233, 1235 (Fla. 3d DCA 1984), rev. denied, 464 So.2d 554 (Fla. 1985); Pope v. Cruise Boat Co., 380 So.2d 1151, 1153 (Fla. 3d DCA 1980).
AFFIRMED.