541 So.2d 612 (1989)
Edward ARENADO, Petitioner,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Respondent.
No. 72533.
Supreme Court of Florida.
April 13, 1989.
Richard A. Kupfer of Wagner, Nugent, Johnson, Roth, Romano, Eriksen & Kupfer, P.A., and Mark Postelnek, Miami Beach, for petitioner.
James R. Cole of Sellars, Supran, Cole, Marion & Espy, and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, for respondent.
Alan C. Sundberg, Sylvia H. Walbolt and F. Townsend Hawkes of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, amici curiae for Florida Power Corp., Tampa Elec. Co. and Gulf Power Co.
John H. Haswell and William H. Chandler of Chandler, Gray, Lang, Haswell & *613 Enwall, P.A., Gainesville, amicus curiae for Florida Rural Elec. Co-op. Assn.
James J. Taylor, Jacksonville, William R. Holzapfel and Ruth A. Bosek, Newark, N.J., and Dennis P. Harkawik of LeBoeuf, Lamb, Leiby & MacRae, New York City, amicus curiae for Edison Elec. Institute.
Wendy F. Lumish and Lynn A. Epstein of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Miami, amicus curiae for Florida Defense Lawyers Ass'n.
McDONALD, Justice.
We accepted jurisdiction in this cause, Arenado v. Florida Power & Light Company, 523 So.2d 628 (Fla. 4th DCA 1988), because of perceived conflict with Mugge v. Tampa Waterworks Co., 52 Fla. 371, 42 So. 81 (1906), and Woodbury v. Tampa Waterworks Co., 57 Fla. 243, 49 So. 556 (1909). Upon further review and analysis we now determine that we should decline review because, in fact, there is no conflict.
The issue decided by the district court in this case was whether or not an electric power company (Florida Power & Light Company) owes a duty to a noncustomer which would allow the noncustomer to maintain an action for damages suffered as a result of an automobile accident occurring in an intersection collision because the traffic signal was inoperative due to the alleged negligence of the power company. The district court of appeal answered the question in the negative. Insofar as we can determine, the question of whether a duty is owed to a noncustomer for failure to supply electricity is a case of first impression.[1]
Both Mugge and Woodbury are factually distinguishable from this case. In Mugge Tampa Waterworks entered into a contract with the City of Tampa. The contract granted it the franchise and right to lay pipes and erect fountains and other structures as well as the exclusive privilege to construct and operate the city's waterworks for thirty years. An individual whose property was destroyed by fire because of insufficient water pressure sued the waterworks.
It was alleged in Mugge that the contract between Tampa Waterworks Company and the City of Tampa contained the right on the part of waterworks company to have sufficient taxes levied and collected annually on all taxable property in the city to pay for hydrant rentals for public fire service. The complaint also alleged that a special tax could be levied and collected for such purposes and that the proceeds were to be kept as a separate fund to be devoted exclusively to hydrant rentals. This special tax for hydrant rentals had been levied annually, collected and paid to the defendant company. It was also specifically alleged that the principal and primary consideration for grant of the franchises and rights to the defendant, as stipulated by ordinance, was to provide and secure to the citizens, residents, and property owners of the city better protection against fires. Our Court held that these facts stated a cause of action.[2]
Woodbury involved a claim against Tampa Waterworks Company for damages due to the burning of a house. The damage allegedly resulted from the negligence of the defendant in not furnishing water for fire protection under a franchise with the City of Tampa, the same contract that existed in Mugge. The complaint was dismissed for failure to state a cause of action on proximate cause grounds. This Court upheld the dismissal, stating:
To maintain the action the plaintiff should allege facts to show that the defendant negligently failed to perform a duty it owed to the plaintiff because of the public service undertaken by the defendant, and that such failure was a proximate cause of the injury complained of. Where the duty does not necessarily *614 result from the relation of the parties as alleged, the circumstances from which the duty arises should be alleged... . A declaration in an action at law should allege distinctly every fact that is essential to the plaintiff's right of action.
57 Fla. at 246-47, 49 So. at 559.
We now agree that Mugge and Woodbury were predicated upon special language in the Tampa Waterworks' contracts which does not exist here. "[T]he contract of the water company is the measure of its duty to the property owner." Mugge, 52 Fla. at 388, 42 So. at 86.
There is no conflict, and, hence, we should not have accepted the case for review. Because of this we now dismiss the petition for review.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., did not participate in this case.
NOTES
[1] A trial judge in the 11th Circuit, in the case of Abravaya v. Florida Power & Light Co., 39 Fla. Supp. 153 (Fla. 11th Cir.Ct. 1973), ruled that the utility had not assumed the duty which was sought to be imposed on it and hence there was no liability.
[2] After the case was tried, a verdict entered for Mugge was vacated because it was contrary to the manifest weight of the evidence. Tampa Waterworks Co. v. Mugge, 60 Fla. 263, 53 So. 943 (1910).