GROSS, Judge.
Palm Beach-Broward Medical Imaging Center, Inc. (“Medical”) appeals from an order dismissing with prejudice its amended complaint against Continental Grain Company and Melvin Feltes. We affirm, because Medical’s injuries fell outside the zone of risk created by the defendants’ negligent conduct.
On a motion to dismiss a complaint under Florida Rule of Civil Procedure 1.140, the allegations in the complaint are viewed in the light most favorable to the plaintiff. See Hitt v. North Broward Hosp. Dist., 887 So.2d 482, 483 (Fla. 4th DCA 1980). According to the amended complaint, Feltes was an employee of Continental. On December 18, 1996, he was driving a truck owned by the company. Feltes negligently operated the truck and collided with a utility pole in Deer-field Beach. The collision caused a “cessation and/or disruption of electrical current service” to Medical’s premises. This disruption damaged Medical’s radiographic equipment.
The issue in this case is whether Continental and Feltes were under a legal duty of care to Medical, so as to support Medical’s negligence action against them. As the supreme court wrote in McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992):
Foreseeability clearly is crucial in defining the scope of the general duty placed on every person to avoid negligent acts or omissions. Florida, like other jurisdictions, recognizes that a legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others. [Footnote omitted]. As we have stated:
Where a defendant’s conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses.
Id. at 503 (quoting Kaisner v. Kolb, 543 So.2d 732, 735 (Fla.1989)). The “proper way of determining whether a duty existed-is to decide whether the defendant’s actions created a foreseeable zone of risk.” Florida Power & Light Co. v. Perlera, 705 So.2d 1859, 1361 (Fla.1998). Another way of framing the issue of duty is to ask whether a defendant stood in a “relation to the plaintiff as to create any legally recognized obligation of conduct for the plaintiffs benefit.” W. Page Keeton et. al, Prosser and Keeton on the Law of Torts § 42, at 274 (5th ed.1984).
*345 This court has previously held that a power company does not owe a duty to a noneus-tomer who has been injured in an intersection collision because a traffic signal was rendered inoperative due to the negligence of the power company. See Arenado v. Florida Power & Light Co., 523 So.2d 628 (Fla. 4th DCA 1988), petition for rev. dismissed, 541 So.2d 612 (Fla.1989); Derrer v. Georgia Elec. Co., 537 So.2d 593 (Fla. 3d DCA 1988); Adoptie v. Southern Bell Tel. and Tel. Co., 426 So.2d 1162 (Fla. 3d DCA 1983). In Arenado, the power company’s transmission light went down and interrupted the flow of electricity to the traffic light. Relying on Justice Cardozo’s opinion in H.R. Moch Co. v. Rensselaer Water Co., 247 N.Y. 160, 159 N.E. 896 (1928), we held that “the utility had not assumed the duty which is sought to be imposed upon it.” Arenado, 523 So.2d at 629. We recognized that tort law involved the public policy decision of whether a defendant should bear a given loss, as opposed to distributing the loss among the general public. If it was not appropriate to impose a duty on the power company in Arenado, it would seem even less proper in this case, where the purported tortfeasors are not in the business of supplying electricity and the imposition of liability could not have the desired societal effect of discouraging negligence affecting the transmission of electrical current.
In applying the “foreseeable zone of risk” test to determine the existence of a legal duty, the supreme court has focused on the likelihood that a defendant’s conduct will result in the type of injury suffered by the plaintiff. This aspect of foreseeability requires a court to evaluate
whether the type of negligent act involved in a particular case has so frequently previously resulted in the same type of injury or harm that ‘in the field of human experience’ the same type of result may be expected again.
Pinkerton-Hays Lumber Co. v. Pope, 127 So.2d 441, 443 (Fla.1961). Thus, in McCain, the supreme court held that power-generating equipment created “a zone of risk that encompasses all persons who foreseeably may come in contact with that equipment.” McCain, 593 So.2d at 504. In Peñera, the court found that the utility’s maintenance of a guy wire on a bicycle path created a zone of risk that included bicyclists and motorcyclists using the path. Periera, 705 So.2d at 1361. In City of Pinellas Park v. Brown, 604 So.2d 1222, 1225-26 (Fla.1992), the court held that a. negligently conducted high-speed police chase involving a large number of vehicles on a public street created a zone of, risk encompassing innocent motorists on the roadways.
Under the facts of this case, the foreseeable zone of risk created by the negligent operation of a motor vehicle does not include an electricity consumer some distance from the scene of an accident. The plaintiffs injury here was not the type of loss that has so frequently resulted from an automobile collision that the same type of result can likely be expected again. One policy aspect behind imposing liability is to prevent future harm; to find liability in this case would not lessen the likelihood of reoccurrence of this type of injury, beyond that deterrence already provided by Chapters 316, 320, and 322, Florida Statutes (1997), and the current scope of negligence law.
There is language in a supreme court opinion which supports Medical’s position. Cone v. Inter County Tel. & Tel. Co., 40 So.2d 148 (Fla.1949), involved a defendant who negligently drove his truck into a gasoline truck, which caught fire. The fire damaged telephone wires next to the road, interrupting telephone service. The plaintiff was a telephone company employee who had come to the scene to assess the damage to the wires and was injured when the gasoline truck exploded. The supreme court held that the plaintiff could not sue the defendant for negligence, since the plaintiffs injury did not result “directly and in ordinary natural sequence” from the negligent act. Id. 149-50. While discussing the concept of a “direct causal relation” between the negligent act and the plaintiffs injury, the supreme court stated:
It may be that defendants could have been held liable for the damages done to the telephone lines by reason of the accident and, perhaps, for damages resulting from the interruption of telephone service; because the presence of loaded gasoline *346 trucks on the highways and the inflammable character of the volatile contents they carry is commonplace knowledge.
Id. at 150 (emphasis supplied).
The italicized language in Cone is clearly dicta, and therefore is not binding authority. See Coastal Petroleum Co. v. American Cyanamid Co., 492 So.2d 339, 344 (Fla.1986); Medical Facilities Dev., Inc. v. Little Arch Creek Properties, Inc., 656 So.2d 1300, 1304 (Fla. 3d DCA 1995). It is more appropriate to evaluate the issue of legal duty in negligence by using the more recent analytical framework .established by McCain, Kaisner, and their progeny.
The holding in this case is consistent with that reached by two of the courts which have considered a similar issue. See Geo. D. Barnard Co. v. Lane, 392 S.W.2d 769 (Tex.Civ.App.1965); Consolidated Aluminum Corp. v. C.F. Bean Corp., 833 F.2d 65 (5th Cir.1987); contra, George A. Hormel & Co. v. Dahl, 92 Cal.App.3d 963, 155 Cal.Rptr. 337 (1979). At the close of a century marked by the rise of the motor vehicle, the paucity of similar cases suggests that the genesis of this injury is so highly improbable that it fell outside the zone of risk created by the defendants’ conduct. See Janet Boeth Jones, Annotation, Liability of one other than electric power or light company or its employee for interruption, failure, or inadequacy of electric power, 15 A.L.R.4th 1148, 1982 WL 198967 (1982).
KLEIN, J., and BROWNELL, SCOTT M., Associate Judge, concur.