776 So.2d 294 (2000)
MICHAEL & PHILIP, INC., d/b/a World Gym, Appellant,
v.
Denise SIERRA, Appellee.
No. 4D99-2368.
District Court of Appeal of Florida, Fourth District.
December 6, 2000.
Rehearing Denied January 31, 2001.
*295 Sharon Lee Stedman, Orlando and Daniel J. Koleos of Luks, Koleos & Santaniello, P.A., Fort Lauderdale, for appellant.
Todd R. Schwartz of Ginsberg & Schwartz and Brumer & Kaufman, Miami, for appellee.
TAYLOR, J.
A jury returned a verdict for a motorist injured when her car was rear-ended by the driver of a stolen vehicle fleeing from the police. Several hours before the accident, the driver had stolen the keys to the car from a key board at World Gym and then driven the car out of the gymnasium's parking lot. The injured motorist sued World Gym and the owner of the stolen car. The plaintiff premised World Gym's liability upon its negligence in failing to take sufficient measures to secure the car keys and protect them from theft. Because we find error in the trial court's ruling that World Gym owed a duty to plaintiff as a matter of law, we reverse.
On December 14, 1995, Sheldon Golding, a Fort Lauderdale criminal defense attorney, went to World Gym for a workout. He had been exercising there for about two years. Golding parked his Lexus in front of the gym, went inside, changed clothes, and returned to his car to store his clothes and other personal belongings. Before working out, Golding hung his keys on a key board located near the gym's entrance and directly across from the front desk. About thirty minutes later, Golding returned to the key board to retrieve his keys. He discovered that they were missing. When he went outside to the parking lot, he saw that his car was also missing. He reported the theft to World Gym and the Fort Lauderdale police.
Michael Smallcorn, president and co-owner of World Gym, was attending the front desk on the day of the incident. Near the desk and key board was an area open to the public, where World Gym sold Tshirts and athletic clothing, displayed magazines, and operated a juice bar. Around noon that day, Smallcorn greeted a man who entered the gym and bought a shake from the juice bar. Shortly thereafter, the man, later identified as Craig Caruso, *296 left. Smallcorn was unaware that Caruso had removed Golding's keys from the key board.
Caruso drove away from the parking lot in Golding's car. Close to midnight that evening, a police officer responded to a call of a suspicious vehicle at a gas station. When the officer approached the vehicle to investigate, Caruso sped away in Golding's car. Caruso's high-speed flight ended when he rear-ended Denise Sierra's vehicle. Sierra was stopped at a red light and suffered injuries as a result of the impact.
Sierra (plaintiff) filed this action against World Gym on the theory that World Gym was negligent in providing an unsecured and unmonitored key board for its patrons' keys and failing to take sufficient precautions to prevent theft of their keys and cars. At the close of plaintiffs case, and again at the close of all the evidence, World Gym moved for a directed verdict on liability, arguing that there had been no showing of any duty on the part of World Gym toward plaintiff and that, even if any duty initially existed, the collision was so remote in time and place as to prevent any breach of that duty from being a proximate cause of plaintiffs injuries. The trial court deferred ruling on these motions. After the jury verdict for plaintiff, World Gym renewed its motion for judgment notwithstanding the verdict and raised the same issues by post-trial motions. These motions were denied and this appeal followed.
The issue is this case is whether World Gym was under a legal duty of care to the plaintiff so as to impose liability upon World Gym for her automobile accident injuries. The issue of whether a duty of care exists in a negligence action is a question of law. See Florida Power & Light Co. v. Periera, 705 So.2d 1359 (Fla. 1998); McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992). The Periera court stated that there are two distinct issues in a negligence case: duty and proximate cause. "The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader `zone of risk' that poses a general threat of harm to others ... The proximate causation element, on the other hand, is concerned with whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred." 705 So.2d at 1361 (quoting McCain, 593 So.2d at 502). The issue of proximate cause is generally a question of fact, which does not become relevant until it has been established that a duty exists. Id.
In determining the threshold issue of whether World Gym owed plaintiff a duty, we must consider whether the gym's conduct in maintaining an unsecured storage area for its patrons' keys created a foreseeable "zone of risk" that posed a general threat of harm to others. For, "[w]here a defendant's conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses." McCain, 593 So.2d at 504 (citing Kaisner v. Kolb, 543 So.2d 732, 735 (Fla.1989)). As the supreme court explained in McCain, foreseeability is a key factor in defining the boundaries of the general duty to avoid negligent acts or omissions. Id. at 503. "Florida, like other jurisdictions, recognizes that a legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others." Id.
In Palm Beach-Broward Medical Imaging Ctr., Inc. v. Continental Grain Co., 715 So.2d 343 (Fla. 4th DCA 1998), we stated:
In applying the "foreseeable zone of risk" test to determine the existence of a legal duty, the supreme court has focused on the likelihood that a defendant's conduct will result in the type of injury suffered by the plaintiff. This aspect of foreseeability requires a court to evaluate whether the type of negligent act involved in a particular case has *297 so frequently previously resulted in the same type of injury or harm that `in the field of human experience' the same type of result may be expected again.
Id. at 345 (citation omitted).
We begin our legal duty analysis by examining World Gym's conduct in a light most favorable to the plaintiff. It is undisputed that the gym undertook the service of providing a place for members to store their keys while they exercised in the gym. Plaintiff asserts that the gym's conduct created a "dangerous invitation to theft," because the key board was placed near the front door of the gym, just a few feet from an area accessible to the public. Although the key board was located directly across from the front desk, the gym personnel on desk duty did not monitor the keyboard. There were no signs posted warning members that they deposited keys there at their own risk. According to the plaintiff, the keyboard "instilled in gym members a false sense of security and offered a convenient alternative to safeguarding their keys in a locker or on their person." Golding testified that he customarily placed his keys there because he assumed that they would be monitored and secure.
World Gym denied that it expressly or impliedly assumed the duty of safeguarding its members' car keys and insisted that it merely provided the keyboard as a convenience for its members. It pointed out that it did not require its members to deposit their keys on the keyboard and that it offered other safer alternatives for storage of their valuables. Gym patrons had the option of leaving their keys and personal effects in lockers near the main entrance and in the men's locker room. Co-owner Phillip Smallcorn testified that the key board was in that same location when he and his brother, Michael, bought the business in 1993. He further testified that during the two years that he and his brother owned and operated the gym, and before the theft of Golding's car, there had been no incidences of theft of keys, cars, or personal property of any kind on the premises.
Even if we assume that World Gym owed a duty to Golding to exercise reasonable care in safeguarding his keys from theft and that it failed to exercise such care, we must still decide whether World Gym owed a duty to plaintiff. To find a duty owed to plaintiff, we must conclude that World Gym's negligent key storage service created a foreseeable zone of risk that included plaintiff. In other words, World Gym's liability for the conduct of the car thief depends on whether the gym could have reasonably foreseen the theft of the keys and automobile under the particular circumstances presented herein and, further, foreseen the increased danger of injury to the general public should such a theft occur. As the third district observed in Florida Power and Light Co. v. Lively, 465 So.2d 1270, 1274 (Fla. 3d DCA 1985):
The extent of the duty or standard of care is measured in terms of foreseeability of injury from the situation created. There is no duty to safeguard against occurrences that cannot be reasonably expected or contemplated. A failure to anticipate and guard against a happening which would not have arisen but for exceptional or unusual circumstances is not negligence ...
The general rule under common law is that there is no duty to prevent the misconduct of third persons. Trianon Park Condominium Ass'n. v. City of Hialeah, 468 So.2d 912 (Fla.1985); Gross v. Family Serv. Agency, Inc., 716 So.2d 337 (Fla. 4th DCA 1998); Daly v. Denny's Inc., 694 So.2d 775 (Fla. 4th DCA 1997). "Florida courts have long been loathe to impose liability based on a defendant's failure to control the conduct of a third party." Boynton v. Burglass, 590 So.2d 446 (Fla. 3d DCA 1991). However, our courts have carved out a few exceptions to this general proposition:
Currently, the duty to protect strangers against the tortious conduct of another can arise if, at the time of the injury, the *298 defendant is in actual or constructive control of: (1) the instrumentality; (2) the premises on which the tort was committed; or (3) the tortfeasor.
Daly, 694 So.2d at 777 (citing Vic Potamkin Chevrolet, Inc. v. Horne, 505 So.2d 560, 562 (Fla. 3d DCA 1987) (en banc), approved, 533 So.2d 261 (Fla.1988)).
None of those exceptions apply here. At the time of the accident, World Gym was not in actual or constructive control of the car, the premises where the accident occurred, or Caruso, the negligent driver.
As a further exception to the general rule of non-liability for third-party misconduct, Florida has adopted the "special relationship" test set forth in the Restatement (Second) of Torts, Section 315. It provides:
There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives the other a right to protection.
This test is met when there is a "special relationship" between the defendant and the plaintiff, such that the plaintiff is entitled to protection. In Gross, we determined that a special relationship existed between a university and its student who was sexually assaulted while performing an assigned off-campus internship. Because of this special relationship, we held that the university had a duty to exercise reasonable care in assigning the student to an internship site and a duty to warn her of foreseeable and unreasonable risks of injury. 716 So.2d at 339.
No such special relationship existed between World Gym and the plaintiff herein. The injured plaintiff-motorist was a total stranger to World Gym. Additionally, there was no special relationship between World Gym and Caruso which imposed a duty upon World Gym to control Caruso's conduct. Cf. Garrison Retirement Home Corp. v. Hancock, 484 So.2d 1257 (Fla. 4th DCA 1985)(holding that retirement home owed a duty to roofer to exercise reasonable care in supervision of resident's activities, including preventing resident from operating his car in view of knowledge home had regarding resident's driving capabilities). In the present case, World Gym had neither control over Caruso's actions nor the ability to control those actions.
In urging that she fell within the "zone of risk" created by World Gym's conduct, plaintiff points to the line of cases recognizing the legal foreseeability of automobile theft and ensuing collisions as a result of persons leaving ignition keys in unattended vehicles. See Vining v. Avis Rent-A-Car Sys., Inc., 354 So.2d 54 (Fla.1977); Schwartz v. American Home Assur. Co., 360 So.2d 383 (Fla.1978). In Vining, the Florida Supreme Court departed from the traditional rule that an owner of an automobile is not liable for torts committed by one who steals the car. The court looked at the high correlation between car thefts and keys left in ignitions and examined statistical data showing the substantial incidence of stolen vehicles involved in accidents. Focusing upon this data and a Florida statute that prohibits a "person driving or in charge of any motor vehicle" from leaving keys in the ignition of an unattended vehicle,[1] the supreme court determined that the issue of foreseeability in cases with that fact pattern should be resolved by a jury. The court stated:
[I]t could be said that a reasonable man should foresee the theft of an automobile left unattended with the keys in the ignition in a high crime area. Also, a reasonable man could foresee the increased danger of injury to the general public using the highways should such a theft occur. The owner of a dangerous *299 instrumentality must exercise due care to ensure that such a danger does not occur.
Id. at 56.
In Schwartz, the supreme court extended this theory of reasonable foreseeability to a car owner who left keys in the open glove compartment of an unlocked car. However, the "key-in-ignition" and "key-in-open glove compartment" cases are factually dissimilar from the situation involved in this case. Here, the keys were not left in the car. We have no empirical data, legislative enactments, or decisional law finding that the risk of theft from leaving keys unattended on a key board inside a private business is equivalent to the risk of theft from leaving keys in the ignition or glove compartment of a car on the streets of a high crime area. Thus, in applying the "foreseeable zone of risk" test, we are unable to conclude that "the type of negligent act involved in [this case] has so frequently previously resulted in the same type of injury or harm that `in the field of human experience' the same type of result may be expected again." Palm Beach-Broward Med. v. Continental, 715 So.2d at 345.
Further, under the facts of this case, the foreseeable zone of risk created by the placement of a key board on a gymnasium wall does not include a motorist injured many miles and many hours away. Absent some evidence of a history of thefts from World Gym's premises, we cannot say that a reasonable man could or should have foreseen an automobile theft and accident in this situation. The undisputed evidence established that for the two years prior to the theft of Golding's keys and car, the owners of the business had never had a theft of car keys, a car, or personal property of any kind on their premises. Thus, the facts do not show a reasonable foreseeability of theft such that World Gym should have taken special security measures to protect its invitees, patrons, or other persons from the risk of harm from theft. Further, the facts, by any fair interpretation, do not demonstrate that World Gym did anything so reckless and careless that could be construed as an invitation to steal Golding's vehicle. See, e.g., Epstein v. Mediterranean Motors, Inc., 109 A.D.2d 340, 491 N.Y.S.2d 391 (1985).
More important, Vining and Schwartz address the duty of the owners of cars to protect the public from theft and the later conduct of car thieves. The plaintiff/appellee has presented no evidence and shown no sound basis for holding the gymnasium legally responsible in the present case. As World Gym states in its reply brief:
Appellee attempts to argue that the gym is legally responsible for Denise Sierra's accident and injuries as if it had taken Sheldon Golding's keys off the keyboard, walked outside the facility, located and unlocked Sheldon Golding's car and either placed the key in the ignition or opened up the glove compartment and put the keys in it.
We agree that World Gym's conduct in placing a key board on the wall for its customers did not create a zone of risk that included plaintiff. Because we find that World Gym did not owe a duty to plaintiff, we reverse the trial court's denial of World Gym's motions for directed verdict and post-trial motions in this cause.
Accordingly, we reverse and remand with instructions to set aside the judgment and enter judgment in favor of defendant/appellant, World Gym. In light of the above ruling, we need not address appellant's second point on appeal that the trial court erred in precluding World Gym from mentioning any fault on the part of Caruso and excluding Caruso's negligence from the jury's allocation of fault.
REVERSED and REMANDED.
HAZOURI, J., concurs.
KLEIN, J., dissents with opinion.
*300 KLEIN, J., dissenting.
In Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54, 56 (Fla.1977), the Florida Supreme Court held for the first time that a person who left the key in the ignition of a car could be liable for an accident caused by a car thief. The court concluded that accidents were the foreseeable results of such conduct, and this was therefore common law negligence, but also found support in a recent statute prohibiting leaving motor vehicles with the key in the ignition:
The legislature recognized that an automobile placed in the hands of an unauthorized person was more likely to be operated in a manner hazardous to the well-being of the general public. Statistical data provided strong support for this position.
Shortly thereafter the court went one step further in Schwartz v. American Home Assur. Co., 360 So.2d 383 (Fla.1978). In that case, the car owner had left his car unlocked with the key in the glove compartment, and the thief entered the car and found the keys. The court held that whether the ensuing accident, in which the thief struck two people, was foreseeable by the owner when he left the key in the glove compartment, was for the jury to determine.
Even before Vining and Schwartz, the court had taken a liberal view of allowing an injured person to recover for damages caused by an unauthorized driver, where the keys were left in an accessible place. In Thomas v. Atlantic Associates, Inc., 226 So.2d 100 (Fla.1969), Henry Roberts had the unrestricted use of an automobile owned by Atlantic Associates. Not long after Robert's thirteen-year old daughter by a former marriage had come to stay with him, she took the keys which Roberts had left on the dresser and drove the car without consent, injuring the plaintiff. Even though Roberts had no knowledge that his daughter had ever driven a car, the court held that whether Roberts was negligent in leaving the keys on the dresser was for the jury.
I think that the theft in the present case was just as foreseeable as the theft in Schwartz and Thomas.
Although the majority has acknowledged Vining and Schwartz, the opinion relies primarily on negligence cases which do not involve automobiles. My differences with the majority stem from the fact Florida has treated automobile negligence differently, beginning with Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920). In that case, our supreme court held that if an owner permits another person to drive, the owner is liable for the driver's negligence, regardless of fault by the owner. That decision was based on the public policy that automobiles were causing injuries and deaths, and making the owner liable without fault would make the owner more careful in the entrustment of the vehicle. Placing the risk of an accident on one who is "better able to use due care and to ensure against the financial risks of injury" has also been recognized as a consideration in automobile cases. Castillo v. Bickley, 363 So.2d 792, 793 (Fla.1978). In my opinion whether this theft was foreseeable was for the jury. I would affirm.
NOTES
[1] See § 316.1975, Fla. Stat.