■ Gustavo Gamarra, Respondent, v Top Banana, LLC, et al., Defendants, and Circle Rubbish of New York, Appellant. [855 NYS2d 478]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered June 26, 2007, which, to the extent appealed from, denied defendant Circle Rubbish of New York's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of Circle Rubbish dismissing the complaint as against it.

Circle Rubbish, which contracted with defendant Hunt's Point Terminal Market Cooperative Association to provide street cleaning services at the market, demonstrated that none of the situations in which a contractor of this type may be said to have assumed a duty of care, and thus to be potentially liable in tort to third persons, is present here (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). There is no evidence that Circle Rubbish launched "a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]), that plaintiff detrimentally relied on the continued performance of Circle Rubbish's duties under its contract with Hunt's Point, or that that contract was comprehensive and exclusive and therefore gave rise to a duty on Circle Rubbish's part that displaced either owner's normal duty to maintain the premises in a safe manner (*see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 589 [1994]). Concur—Lippman, P.J., Tom, Williams and Acosta, JJ.