■ TANIA P. FAIRCLOUGH, Respondent, v ALL SERVICE EQUIPMENT CORP., Appellant. [857 NYS2d 91]—

Order, Supreme Court, Bronx County (Betty Owen Stinson,

J.), entered May 15, 2007, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff, a sous chef at Houston's restaurant on East 53rd Street in Manhattan, was severely burned on December 30, 2003, when a soup tureen containing au jus gravy, which was sitting on a four-burner gas stove in a pot of boiling water, fell and spilled boiling liquid on her. The accident was allegedly the result of a partially broken cast iron grate covering the stove burner, which was unstable when something was put on it. Plaintiff claimed that the grate had been broken for a couple of months prior to the accident.

Houston's had a commercial kitchen equipment service agreement with defendant covering all food equipment then installed in the premises. In return for a fixed annual charge, defendant agreed to give Houston's preferential service, including regular on demand and emergency service whenever defendant was notified by Houston's, and to "provide optimum operating efficiency per the manufacturers specifications to maintain it in good operating condition." Such service consisted of "inspection, lubrication and servicing on a quarterly basis," not including the cost of replacement parts and materials.

Defendant's service technician testified that he went to the restaurant on a regular basis to consult with the manager or assistant manager on any problems with kitchen equipment, and performed his own inspection to detect problems. He stated that he would service everything in the kitchen, even equipment still under warranty from the manufacturer. He had been to the kitchen approximately one week before the accident, at which time he neither was advised about nor detected a defective stove grate.

In denying defendant's summary judgment dismissing the complaint, the motion court found that there were issues of fact as to whether defendant had a duty to plaintiff as a result of her detrimental reliance on defendant's continued performance under its contract with her employer.

The existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the court (see Di Ponzio v Riordan, 89 NY2d 578, 583 [1997]). The general rule is that a contractor does not owe a duty of care to a noncontracting third party, with three exceptions: first, "where the promisor, while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to

others, or increases that risk" (*Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]); second, where the plaintiff suffers injury as a result of reasonable reliance on the defendant's continued performance of a contractual obligation; and third, "where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*id.* at 112, quoting *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]).

The facts presented here fail to fall within any of the three sets of circumstances that have been recognized as exceptions to the general rule. Although the agreement provided that it would automatically terminate with no further responsibility by defendant if the covered equipment was moved or serviced by any other person, this is not the type of "comprehensive and exclusive" service agreement found by the Court of Appeals in *Palka v Servicemaster Mgt. Servs. Corp.* (83 NY2d 579, 588 [1994]), where the defendant's "extensive privatization arrangement displaced entirely the hospital's prior in-house maintenance program and substituted an exclusive responsibility in Servicemaster to perform all of Ellis Hospital's pertinent nonmedical, preventative, safety inspection and repair service functions" (*id.* at 584). Nor can it be said that defendant's performance or nonperformance of its contract "launched a force or instrument of harm" (*see Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]).

Finally, plaintiff's alleged detrimental reliance on defendant's continued performance of its service contract is belied by her deposition testimony that, although she repeatedly complained to Houston's supervisory personnel about the broken stove grate ("Had to be over ten times [a month]"), she never once complained to defendant's servicemen, whom she regularly saw when they visited the kitchen on routine and other service calls. Concur—Andrias, J.P., Friedman, Buckley, McGuire and Moskowitz, JJ.