Order, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered June 17, 2010, which, insofar as appealed from as limited by the briefs, denied defendant Allstate Sprinkler Corp.’s motion for summary judgment dismissing the claims and cross claims asserted against it in action No. 3 and for conditional summary judgment on its cross claim for contractual indemnification against defendant D’Agostino Supermarkets, Inc., in action No. 3, unanimously affirmed, without costs.
In this action to recover damages arising out of a warehouse fire, Allstate failed to establish as a matter of law that it did not owe the noncontracting respondents a duty of care or breach any duty owed. The record shows that Allstate owed plaintiffs— *675 owners of the property — a duty of care, as plaintiffs were third-party beneficiaries to the sprinkler inspection services contract between Allstate and defendant tenant D’Agostino. Indeed, D’Agostino entered into the contract to fulfill its duty to maintain the sprinklers pursuant to its lease with plaintiffs, who were required by law to have the sprinkler systems inspected at least once a month by a person holding a certificate of fitness (see former Administrative Code of City of NY § 27-4265). Thus, D’Agostino clearly intended to benefit plaintiffs by engaging Allstate to inspect the sprinklers (see MK W. St. Co. v Meridien Hotels, 184 AD2d 312, 313 [1992] [“the intention which controls in determining whether a stranger to a contract qualifies as an intended third-party beneficiary is that of the promisee”]), and the benefit to plaintiffs was “sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [the noncontracting parties] if the benefit is lost” (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 336 [1983]).
Furthermore, while “a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party” (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]), there are three exceptions to this general rule pursuant to which a party may be said to have assumed a duty of care to third parties (id. at 140). One of those exceptions is where the third party has detrimentally relied on the continued performance of the contracting party’s duties (id.). Given Allstate’s admitted failure to inspect the sprinkler system for months before the fire, despite its contractual obligation to perform monthly inspections, and evidence of its failure to report to the owner and the fire department that it had found the sprinkler system shut off on several inspections, we agree with the motion court that issues of fact exist as to whether plaintiffs and defendant subtenant Metropolitan detrimentally relied on Allstate’s continued performance of its contractual duties.
However, we find that the other two Espinal exceptions do not apply. Any failure by Allstate to inspect the sprinklers did not launch a force or instrument of harm (see Church v Callanan Indus., 99 NY2d 104, 112 [2002] [incomplete performance of contractual duty to install guide rail did nothing more than neglect to make highway safer, as opposed to making it less safe]; see also Moch Co. v Rensselaer Water Co., 247 NY 160, 168 [1928] [“(t)he query always is whether the putative wrongdoer has advanced to such a point as to have launched a force or instrument of harm, or has stopped where inaction is at most a refusal to become an instrument for good”]; compare *676 Powell v HIS Contrs., Inc., 75 AD3d 463 [2010] [where evidence indicated contractor had negligently installed a new sidewalk, issue of fact as to whether it created unreasonable risk of harm or increased that risk], with Ocampo v Abetta Boiler & Welding Serv., Inc., 33 AD3d 332 [2006] [where evidence presented that contractor negligently repaired machine that was put back into operation, issue of fact existed as to whether contractor launched a force or instrument of harm]). Nor was the sprinkler inspection contract the type of comprehensive and exclusive service agreement found by the Court of Appeals in Palka v Servicemaster Mgt. Servs. Corp. (83 NY2d 579, 588 [1994]) that would create a duty of care to noncontracting third parties (see Fairclough v All Serv. Equip. Corp., 50 AD3d 576, 578 [2008]; Gamarra v Top Banana, LLC, 50 AD3d 425 [2008]).
Regarding the matter of Allstate’s alleged negligence, issues of fact include whether Allstate was able to gain access to the premises to inspect the sprinkler system; whether it breached its duty to inspect the system and whether any breach of Allstate’s regulatory and contractual duties (including any failure to report to the owners, D’Agostino, and/or the fire department that the sprinkler valve was found to be shut off on several inspections) was a proximate cause of the damage.
Given that triable issues of fact exist as to Allstate’s negligence, it is not entitled to summary judgment on its cross claim for contractual indemnification from D’Agostino (see Vukovich v 1345 Fee, LLC, 61 AD3d 533, 534 [2009]). Concur—Mazzarelli, J.P., Friedman, Richter and Abdus-Salaam, JJ.