■ Angelo Megaro, Respondent, v Pfizer, Inc., et al., Respondents, and Jones Lang LaSalle Americas Inc., Appellant, et al., Defendant. (And Third-Party Actions.) [984 NYS2d 297]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered on or about December 27, 2012, which, to the extent appealed from, denied the motion of Jones Lang LaSalle Americas Inc. (JLL) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, summary judgment granted and the complaint dismissed as to defendant JLL. The Clerk is directed to enter judgment accordingly.

A contractual obligation does not generally "give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, a contractor is potentially liable in tort to third persons, where the contracting party "launche[s] a force or instrument of harm," where the plaintiff suffers injury as a result of reasonable reliance on the defendant's continued performance of a contractual obligation, or "where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*id.* at 140).

The facts presented here fail to fall within any of the recognized exceptions to the general rule. JLL, as property manager, met its initial burden as movant through its submissions of the contract and witnesses' testimony, evidencing that it was an independent contractor that owed no duty to plaintiff (*see id.* at 141). Although plaintiff, a construction worker who slipped and fell on water in a stairwell at the premises, argues that he detrimentally relied upon JLL, he did not plead such a claim, nor do the facts of this case support one (*see Fairclough v All Serv. Equip. Corp.*, 50 AD3d 576, 578 [1st Dept 2008]). Neither do the facts of this case support a claim that JLL, which had subcontracted janitorial services, launched an instrument of harm, or that the contract was a comprehensive and exclusive management agreement such as to displace the owner's duty to safely maintain the premises (*see Ortiz v Gun Hill Mgt., Inc.*, 81 AD3d 512 [1st Dept 2011]). Concur—Mazzarelli, J.P., Sweeny, Andrias, Manzanet-Daniels and Kapnick, JJ.